## TOWNSEND *v.* TODD ET AL.

This court is bound to follow the courts of the State of Connecticut in their uniform decisions, in construing the recording acts of that State, that a mortgage must truly describe the debt intended to be secured; and that it is not sufficient that the debt be of such a character that it might have been secured by the mortgage had it been truly described.

APPEAL from the Circuit Court of the United States for the District of Connecticut.

*Mr. John S. Beach* for the appellant.

*Mr. Simeon E. Baldwin, contra.*

MR. JUSTICE HUNT delivered the opinion of the court.

The validity of the mortgage of $50,000 is attacked on the ground that it is in violation of the spirit and policy of the statutes and recording system of the State of Connecticut. The district and the circuit judge, each familiar with the statutes and decisions of that State, sustained this proposition. The precise objection to the mortgage is, that it does not truly describe the debt intended to be secured.  The mortgage by its terms was given to secure the payment of a note of $50,000, dated April 12, 1873, executed by George T. Newhall to the order of James M. Townsend, payable on demand, with interest at the rate of seven per cent, payable semi-annually in advance. The bill alleges, and it is found by the district judge to be true, that Newhall was not at the date of the mortgage, and when the same was recorded, indebted to Townsend in any sum whatever which was secured by said note.  The understanding was that Townsend would endeavor to borrow money or avail-

able securities to furnish to Newhall's creditors in satisfaction of his debts, and the mortgage was to stand as security for the repayment of the values thus advanced. The mortgage and note were to be placed in the hands of one White; and, if Townsend was unable to render this pecuniary aid, the sum of $40,000 was to be indorsed upon the note and mortgage by White, and the mortgage was to stand as security for the Chapman mortgage of $7,500, and a debt of $2,500 due to Townsend, also secured by another mortgage. Townsend did not obtain or borrow money or securities from any third person on the faith of this mortgage; but, in reliance upon the security of the mortgage, he did indorse notes for Newhall, and pay money to an amount exceeding $6,000. The struggle on the part of Townsend is to hold his mortgage for this sum of $6,000.

The question depends upon the recording acts of the State of Connecticut; and we are bound to follow the decisions of the courts of the State in their construction of those acts, if there has been a uniform course of decisions respecting them. *Allen* v. *Massey*, 17 Wall. 354; *Swift* v. *Tyson*, 16 Pet. 1; *Chicago City* v. *Robbins*, 2 Black, 428.

The cases of *Pettebone* v. *Griswold*, 4 Conn. 158; *Shepard* v. *Shepard*, 6 id. 37; *North* v. *Belden*, 13 id. 383; *Hart* v. *Chalder*, 14 id. 77; *Merrils* v. *Swift*, 18 id. 257; *Bacon* v. *Brown*, 19 id. 30; and several others,—are clear and decisive against the validity of the mortgage in question. In *Brown* v. *Mix*, 20 Conn. 420, and *Potter* v. *Holden*, 31 id. 385, the Supreme Court of that State held to its principles in words, but in effect considerably relaxed the rule. If those cases stood alone, or if there was no later case, there would be some room for doubt what the rule should be. The very recent case, however, of *Flood* v. *Bramhall*, 41 Conn. 72, fully and distinctly reasserts the rule laid down in the earlier cases. It is there held that the mortgage must truly describe the debt intended to be secured, and that it is not sufficient that the debt be of such a character that it might have been secured by the mortgage had it been truly described.

In most of the States, a mortgage like the one before us, reciting a specific indebtedness, but given in fact to secure ad-

vances or indorsements thereafter to be made, is a valid security, and would be good to secure the $6,000 actually advanced before other incumbrances were placed upon the property. 11 Ohio St. 232; 12 id. 38; 34 N. Y. 307; 35 id. 500; 22 id. 380; 2 Sand. Ch. 78; 6 Duer, 208.

We should be quite willing to give the appellant the benefit of this principle to the extent of his actual advances; but the contrary rule seems to be so well settled in Connecticut, that we are not at liberty to do so. The decree below vacating and cancelling the appellant's mortgage, being in conformity with that rule, is                                      *Affirmed.*