## JACOB E. SUITTERLIN

*v.*

## THE CONNECTICUT MUTUAL LIFE INSURANCE COMPANY.

1. FORECLOSURE *in Federal court — decree of sale without redemption — effect upon the statutory right to redeem.* Where a decree of the Circuit Court of the United States, on a bill to foreclose, found the sum due under the mortgage, and required its payment by a given time, and ordered a sale without redemption in case of default in payment, it was *held,* that even if the latter part of the decree was void it did not invalidate the residue, or make null all the subsequent proceedings in its execution, but that the mortgagor might have re-

deemed within one year from the sale, notwithstanding the master's deed, and not having done so or offered to redeem within the time given by statute, the deed was not void, though given before the expiration of the period allowed for redemption.

2. It seems that in a decree of foreclosure, a mere order of sale, without saying anything as to redemption, would be good, and such a decree would not defeat the right to redeem, which is conferred by the statute and not by the decree of the court.   .

3. If the officer selling land under a decree of foreclosure which simply orders sale for default in payment, should disregard the statute, and instead of giving a certificate of purchase should give the purchaser a deed at once, it would not defeat the right to redeem, nor give the right of present possession, at least in equity, but the deed would remain inoperative in effect until the expiration of the time given for redemption by the statute, when it may stand as a valid execution of the decree.

4. Where a decree for the foreclosure of a mortgage directed the sale of the mortgaged premises without allowing the statutory right of redemption, it was *held*, that if it was merely erroneous in this respect, it could not be questioned collaterally, but if void, so far as it denied the right of redemption, it could not have the effect to deprive of that right, and a bill filed by the mortgagor after the time prescribed by the statute for redemption had expired, to redeem from the mortgage and to have the master's deed set aside as a cloud on the title, showing no attempt or offer to redeem from the sale within the time given by law, was without equity and properly dismissed.

APPEAL from the Appellate Court of the Fourth District.

Mr. EDWIN F. BAILEY, for the appellant:

The statute of Illinois at the time of the so-called foreclosure proceedings, as also when the mortgages were executed, provided, that in *all* cases where lands should be sold under decrees for foreclosure of mortgages, redemption should be allowed the same as upon sales by virtue of executions issued upon judgments at law.   Gross' Stat. 1868, ch. 57, sec. 26 ; R. S. 1874, ch. 77, secs. 16, 18.

The *lex loci rei sitœ* controlled all the means by which title to the mortgaged premises could be transferred.   *United States* v. *Crosby*, 7 Cranch, 115 ; *Clark* v. *Graham*, 6 Wheat. 577 ; Story's Conflict of Laws, sec. 428 ; *Cooley* v. *Scarlet*, 38 Ill. 316 ; *City Insurance Co.* v. *Commercial Bank of Bristol*, 68 id. 348.

The Federal courts are governed by State laws in dealing with real property. *Bronsen* v. *Kinzie,* 1 How. 311; *Clark* v. *Reyburne,* 8 Wall. 318; *McCormick* v. *Sullivant,* 10 Wheat. 192; *Suydam* v. *Williamson,* 24 How. 427.

The proceedings of the United States court, so far as repugnant to the statutes of Illinois, were void. So much of the decree as ordered an absolute sale without redemption, was in excess of the jurisdiction of the court, and absolutely void. *Rogers* v. *Dill,* 6 Hill, 415; *Elliott* v. *Piersoll,* 1 Pet. 328; *Shriver's Lessee* v. *Linn,* 2 How. 43; *Wales* v. *Willard,* 2 Mass. 120; *Bigelow* v. *Forrest,* 9 Wall. 351.

The sale was void and the deed passed no title. Freeman on Void Judicial Sales, sec. 2; *Clingman* v. *Hopkie,* 78 Ill. 152; *Watts* v. *Waddle,* 6 Pet. 389; *Bowman* v. *Wettig,* 39 Ill. 416; *Smith* v. *Cockrill,* 6 Wall. 756; *Gross* v. *Fowler,* 21 Cal. 392; *Graham* v. *Wing,* 10 Mich. 486.

Mr. JUNIUS MULVEY, Messrs. ISHAM & LINCOLN, and Mr. C. BECKWITH, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 11th day of July, 1874, the Connecticut Mutual Life Insurance Company filed its bill of complaint in the Circuit Court of the United States for the Northern District of Illinois, against Jacob E. Suitterlin and others, to foreclose two mortgages upon certain premises, which had been executed by Suitterlin to the company,—the bill explicitly praying for a foreclosure "according to the rules and practice of said court."

On the 8th day of March, 1875, a decree was entered in the cause finding the amount due upon the mortgages, and directing the same to be paid within one hundred days; and that in default of such payment, the master in chancery of said court sell the mortgaged premises at public auction, and "*according to the course and practice*" of said United States Circuit Court, which was, from its organization down to May, 1878, to make

such sales absolute and not subject to redemption. The master, in accordance with the decree, advertised the premises for sale at public auction, and sold the same on May 10, 1876, to the Connecticut Mutual Life Insurance Company, it being the highest bidder. On May 31, 1876, there was an order of confirmation of the master's report of sale, and directing the master to execute to the insurance company, the purchaser, a deed for the premises, and further decreeing that the mortgagor be forever barred and foreclosed of and from all right and equity of redemption in and to the premises, and that the purchaser be let into possession. In addition, a money decree for over $6000, for deficiency, was rendered against Suitterlin. The master, on June 16, 1876, in pursuance of the order of court, executed to the company a deed of conveyance of the mortgaged premises.

On the 20th day of June, 1878, Suitterlin filed his bill in chancery in the circuit court of Cook county, to redeem from the mortgages, charging that the rules and practice of the Circuit Court for the Northern District of Illinois were to make such foreclosure sales absolute and not subject to redemption, and claiming that the decree of the United States Circuit Court, so far as it ordered the sale to be made in accordance with the course and practice of said court, that is, without redemption, was contrary to the statute of the State of Illinois allowing a right of redemption upon such sales, and void; that the court had no power or jurisdiction to direct a sale in that manner; that the sale was void and the deed issued thereon a cloud upon complainant's title; that so far as the decree was lawful, it had never been executed, and that the mortgagor, the complainant, was entitled to make payment and relieve the premises of the lien thereof, which he offered to do.

To this bill the Connecticut Mutual Life Insurance Company pleaded in bar the record of the United States Circuit Court in the foreclosure proceedings, and the deed issued thereunder, and section 1008 of the Revised Statutes of the

United States, limiting the time for appeals and writs of error in the United States courts to two years,—that more than two years had elapsed since the decree, and that no writ of error had been brought or appeal taken, or bill of review filed. This plea having been set down for argument, was held by the circuit court, *pro forma,* to be good and sufficient, and the bill was accordingly dismissed for want of equity. The cause having been taken to the Appellate Court of this State for the Fourth District by writ of error, the decree of the circuit court of Cook county was affirmed, and the complainant has appealed to this court.

The statute of this State at the time of the foreclosure proceedings, as also when the mortgages were executed, and ever since, gave, in a foreclosure case, a right of redemption after the foreclosure sale, during the period of one year to the debtor, and of fifteen months to a judgment creditor, by paying the amount of the bid with ten per cent per annum interest, and directed that the officer making the sale, instead of executing a deed, should give to the purchaser a certificate of the sale, stating, among other things, the time when the purchaser would be entitled to a deed if the premises were not redeemed. By the recent decision of the Supreme Court of the United States in the case of *Brine* v. *Hartford Fire Ins. Co.* 96 U. S. 627, it was held that a like decree of the Circuit Court of the United States for the Northern District of Illinois in a foreclosure case, where the master in chancery was ordered to sell the lands for cash, *making such sale in accordance with the course and practice of the court,* was erroneous, it having been admitted in the case that it was according to the course and practice of the court that the master makes at the sale a deed, which, by the uniform practice of the court, gives him the right to immediate possession, and cuts off all right of redemption, statutory or otherwise. The ground of reversal was, the conflict of the decree with the statutes of Illinois allowing redemption; that where foreclosure proceedings are regular, the decree, the sale made under it, and the deed made on the sale

would constitute a transfer of real estate from one person to another, and that the title to land can be acquired and lost only in the manner prescribed by the law of the place where such land is situated; and that the State statutes of redemption are of such a character that they create a rule of property entering into the contract of mortgage, and are obligatory on all courts which assume to afford remedy on such contracts.

It is not questioned, that, under the decision in the *Brine* case, the decree of the United States Circuit Court here under consideration was erroneous. The position taken by appellee is, that the decree was but erroneous, and so good until reversed in some way, and that it and the proceedings under it can not be collaterally questioned; that proceedings for such reversal must be taken within the time allowed by law, and that time having elapsed, the decree and the execution of it can no longer be drawn in question.

The general doctrine upon the subject is admitted on both sides: that if the court rendering the decree "had cognizance of the cause, the judgment is only erroneous; but if the court had no jurisdiction, it is void." Buller N. P. 66, and see *Buckmaster* v. *Carlin*, 3 Scam. 106; *Voorhees* v. *Bank of the United States*, 10 Pet. 449.

But this doctrine, appellant contends, is subject to qualifications in its application, as recognized in *Bigelow* v. *Forrest*, 9 Wall. 351, *Ex parte Lange*, 13 id. 163, and *Windsor* v. *McVeigh*, 93 U. S. 274,—it being observed in the latter case that the statement of the doctrine in *Cornell* v. *Williams*, 20 Wall. 250, is the more accurate one, viz: "The jurisdiction having attached in the case, everything done *within the power of that jurisdiction*, when collaterally questioned, is held conclusive of the rights of the parties, unless impeached for fraud." And it is claimed, that here the court had no power to pronounce a decree repugnant to the statute of the State of Illinois, and that in doing so it transcended its jurisdiction, and the decree was void.

On the other hand it is claimed, that the just qualification

of the doctrine is only that the judgment or decree must be within the *general powers* of the court; that when a court has once acquired jurisdiction in a cause, no subsequent proceeding can be void which is within the *general powers* of the court, and that the proceedings here questioned were within the general powers of the court.

Without attempting to pass upon the question whether the decree of the United States court, in so far as it ordered an absolute sale of the mortgaged premises without allowing the statutory right of redemption, was in excess of its jurisdiction and void, so that the mortgagor, notwithstanding the decree and the master's deed, might, within the year allowed him by the statute for redemption, have paid or tendered the redemption money and redeemed the land, or have been entitled to file a bill for redemption, we will assume, for the purpose of the present decision, that that portion of the decree excluding redemption was void,—and it is not then apparent that this bill can be maintained. Such portion of the decree being held void, need not invalidate the residue of the decree, or make null all the subsequent proceedings in execution of the decree.

In *Bigelow* v. *Forrest, supra,* (an ejectment suit), it was held, that a judgment in a confiscation case, condemning the fee of the property, was void for the remainder after the termination of the life estate of the owner. To the objection that the decree was conclusive, Mr. Justice STRONG, delivering the opinion of the Court, said: "Doubtless, a decree of a court having jurisdiction to make the decree can not be impeached collaterally; but, under the act of Congress, the District Court had no power to order a sale which should confer upon the purchaser rights outlasting the life of French Forrest (the owner). Had it done so, it would have transcended its jurisdiction."

In *Day* v. *Micou,* 18 Wall. 156, it was said, that in *Bigelow* v. *Forrest* " we also determined that nothing more was within the jurisdiction or judicial power of the District Court (than

the life estate), and that, consequently, a decree condemning the fee could have no greater effect than to subject the life estate to sale."

In *Ex parte Lange, supra,* Lange had been convicted, under an act of Congress, for appropriating to his own use mail-bags. The punishment for the offense, as provided by the statute, was, imprisonment for not more than one year *or* a fine of not less than $10 nor more than $200. The judge presiding sentenced the prisoner to one year's imprisonment *and* to pay $200 fine. The prisoner was, on the third day of the month, committed to jail in execution of the sentence, and on the following day the fine was paid. On the eighth day of the same month an order was entered vacating the former judgment, and the prisoner was again sentenced to one year's imprisonment from that date. The prisoner being brought before the Supreme Court of the United States on a writ of *habeas corpus,* that court said, in reference to the first judgment: "The judgment first rendered, though erroneous, was not absolutely void. It was rendered by a court which had jurisdiction of the party and of the offense, on a valid verdict. The error of the court in imposing the two punishments mentioned in the statute, when it had only the alternative of one of them, did not make the judgment wholly void. *Miller* v. *Finkle* (1 Parker's Crim. Rep. 374,) is directly in point. But we think no one will contend that the first sentence was so absolutely void that an action could be maintained against the marshal for trespass in holding the prisoner under it." Although the judgments in those cases were in part equally repugnant to the statute and beyond the power of the court to render as the decree in the present case, without redemption, it was recognized in the one case, and held in the other, that the judgments were not entirely void; it being recognized in the first case that the decree condemning the fee might have the effect to subject the life estate to sale.

The decree, here, finding the amount due, was good, and also the order of sale if the amount was not paid within a

hundred days.   The defect was, in adding to the order of sale that it should be without redemption.   Hold that additional portion of the order of sale to be void, then it is null, if as it were not, and the simple order of sale stands, which has been executed and a deed given.   The statute gave to the mortgagor the right of redemption, and he might have exercised it.   It is not the decree that gives the right to redeem.   The mortgagor does not depend upon that for the right, but upon the statute.   We apprehend that in a decree of foreclosure a mere order of sale would be sufficient, saying nothing about redemption; that the right of redemption would not be interfered with under such an order, but would exist in full force, by virtue of the statute, and that it would be the duty of the officer, in the execution of the order of sale, to follow the directions of the statute.   But suppose he should not do so, and upon sale made, instead of giving a certificate of the sale and that the purchaser would be entitled to a deed at the end of fifteen months if the premises should not be redeemed, as the statute directs, should do as was done in the present case —execute a deed at once?   We think that would not defeat redemption nor give right of present possession, at least in equity, but that the statute would control, and the right of redemption and of present possession remain by virtue of the statute, and that the deed would remain inoperative in effect until the expiration of the period for redemption.

The decree, here, has been executed, the sale made and deed given.   The wrongful circumstance was the making of the deed at the time of the sale, instead of deferring its execution until fifteen months afterward.   The deed was prematurely made, but if it be held as not affecting any right of the debtor in consequence thereof, why may it not stand and remain as an operative deed after the expiration of the period of redemption, where no attempt had been made to assert the right of redemption?

It is not perceived what legal harm can have resulted to appellant from the decree being in its present form, instead

of with redemption. If erroneous, only, in so far as it did not allow the statutory right of redemption, then, on the settled rule, it could not be questioned collaterally. If void, then we do not regard that it was an obstruction to the exercise of the right of redemption given by the statute, and it is only as affecting the exercise of such right of redemption that there can be substantial cause of complaint. As affecting the sale of the premises, it would seem that one without redemption would be calculated to insure a better price for the property sold than a sale subject to redemption. Had all been in regular form, and a certificate of purchase only, given on the sale, the purchaser would have now been entitled to a deed, there having been no effort for the exercise of the right of redemption. Now, having the deed, notwithstanding it was prematurely executed, we think the purchaser may hold it, there not appearing to be any equitable ground for the interposition of a court of equity to set it aside and allow redemption at the present time.

We are of opinion that there is no equitable title to relief shown, and that the circuit court did right in holding the plea good and dismissing the bill. The judgment of affirmance of the Appellate Court will, therefore, be affirmed.

*Judgment affirmed.*