## ORVIS *v.* POWELL.

1. Where lands have been mortgaged, and parcels thereof subsequently sold at different times to different purchasers, the order in which such parcels shall be subjected to the satisfaction of the mortgage is, where the rule is established by a statute or by the decisions of the courts of the State where the lands lie, a rule of property binding on the courts of the United States sitting in that State.
2. In Illinois, the rule has been established by the Supreme Court of that State, in *Iglehart* v. *Crane* (42 Ill. 261), that the parcels first sold should be last subjected to the satisfaction of the mortgage.
3. The decision in *Brine* v. *Insurance Company* (96 U. S. 627), that the decree of the Circuit Court of the United States sitting in Illinois, in a suit to foreclose a mortgage of lands in that State, must give effect to the equity of redemption after sale, as provided by the statutes of that State, reaffirmed.

APPEAL from the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

The case was argued by *Mr. O. D. Barrett* for the appellant, and by *Mr. Edward S. Isham* and *Mr. George L. Paddock* for the appellee.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a suit in chancery to foreclose a mortgage executed by Henry H. Walker and Samuel I. Walker to Nathan Powell, the appellee, covering forty acres of land in Cook County,

Illinois. The mortgage was given April 8, 1869, to secure the payment of the sum of $40,500. The amount due at the date of the decree had been reduced by payments to $14,853.33. As they were made, releases had been executed as to part of the land; and before the suit was brought, all the land had been conveyed, in distinct parcels, at different times, to various parties, and among them to Emerson G. Orvis, the appellant. The court, in its decree, ordered that these parcels should be sold separately, and in the inverse order of the dates of the conveyances made by the Walkers, until the amount due, as ascertained by the decree, was satisfied, so that the parcels first sold should be the last subjected to the satisfaction of the debt. The decree made no provision for redemption after sale, as required by the statute of Illinois.

Three principal errors are assigned here : —

1. That the decree should have subjected all the property on which the mortgage was a lien equally, and without regard to priority of conveyances by the mortgagors.

2. That the court erred in determining the order of these priorities.

3. That the decree made no provision for redemption after sale.

As regards the question raised by the first of these assignments, we are relieved from any discussion of what is the true, equitable rule on the subject, because we consider that when such rule is adopted it is, within the decisions of this court, a rule of property affecting the title to real estate, and as such is to be governed, in its application in this court, by the law of the State where the land lies. In a case where no statute of the State makes provision on the subject, and no decisions of the State court have established a rule, it would be our duty to inquire what is the doctrine of the equity courts on the subject.

The Supreme Court of the State of Illinois having, in *Iglehart* v. *Crane* (42 Ill. 261), announced on very full consideration the rule which was followed by the Circuit Court, there was no error in that court in following it.

In regard to the order in which the parcels of the land are subjected to sale, it is to be observed that no one can com-

plain but Orvis, because he is the only party who has appealed from the decree.

So far as Orvis is concerned, the only error assigned which seems worthy of notice is that block 18 should have been subjected to plaintiff's debt first, because Walker, the mortgagor, was still owner of an equitable interest in it. This does not appear by any written instrument, but so far as it is established at all, it is by Walker's parol testimony. It thus appears, however, that Colbaugh and Powell held the title in trust to secure money advanced by them on a sale which had been rescinded, and it was by virtue of this rescission that Walker had any interest in it. What the amount of the sum is for which Colbaugh and Powell held it is not shown, nor is the value of the lot. But appellant's witness, Walker, states that the debt due these parties is more than the lot is worth, after paying some liens on it prior to theirs. As the title of Walker had passed from him to this lot long before that claimed by Orvis, we do not believe that the court was bound to prosecute an inquiry, through all the ramifications of Walker's dealing with this lot, dependent solely on conflicting oral testimony, to ascertain if Walker had a possible ultimate interest in it. Nor does it consist with the general course of equity practice to order a public sale of a very doubtful contingent interest, the value of which is incapable of estimation, and where any price given might do great injustice to the purchaser or to the party whose interest is sold, and which would lead to further expensive litigation. Besides, if in the end appellant has to pay any part of this mortgage, there is nothing to prevent his pursuing this equity of Walker's so far as may be necessary to indemnify him in an independent suit, where that matter may be fully investigated without further delaying the present plaintiff.

On the whole, we see no error to the prejudice of appellant in the order of sale adopted by the decree.

But we decided in *Brine* v. *Insurance Company* (96 U. S. 627) that a decree of foreclosure in the Circuit Court of the United States for the District of Illinois, which gave no time for redemption after the sale, was erroneous and must be reversed. The larger part of the briefs of several counsel in this

case is devoted to a consideration of the question there decided. It is sufficient to say that we are satisfied with the soundness of the opinion given in that case, and it must govern the one now before us.

The result of those considerations is, that the decree of the Circuit Court ascertaining the sum due the plaintiff, and fixing the order in which the various parcels of land shall be sold, and in fact all of said decree, will be affirmed, except so far as it fails to give a time for redemption; and the case will be remanded to that court with directions to amend the decree so as to allow redemption of each parcel which may be sold, as provided by the statute of Illinois on that subject. As appellant had to take this appeal to obtain correction of the error in this respect, he must recover costs.

*So ordered.*

NOTE. — At a subsequent day of the term, Orvis, the appellant, was granted a reargument because the question of the order in which lands mortgaged, and sold subsequently by the mortgagor, to different parties at different dates should be subjected to the satisfaction of the mortgage debt, was a new one in this court, and because the subsequent sales on which the court had to pass in the case were numerous and, as presented by the record, a little perplexing.

The reargument was had by printed briefs submitted by *Mr. Benjamin F. Butler*, *Mr. O. D. Barrett*, and *Mr. Melville W. Fuller* for the appellant, and by *Mr. Julius Rosenthal* and *Mr. A. M. Pence, contra.*

MR. JUSTICE MILLER delivered the opinion of the court, ordering that the same decree be entered that was made on the former hearing.