## Case No. 2,168.

### BURLEY v. FLINT et al.

[9 Biss. 204;[1] 12 Chi. Leg. News, 112; 9 Reporter, 4.]

Circuit Court, N. D. Illinois. Dec., 1879.[2]

BILL OF REVIEW — PERFORMANCE OF DECREE — FORECLOSURE—ABSOLUTE SALE — REDEMPTION— RIGHT TO REDEEM FROM DECREE OF ABSOLUTE SALE.

1. Where property has been sold under a decree of foreclosure, and the master's deed confirmed and decree entered directing a surrender of the property to the purchaser; in order to sustain a bill of review it must appear that the purchaser has been let into possession.

2. The foreclosure decree ordered an absolute sale, and the order of confirmation directed an absolute deed, without regard to the time given for redemption, by the statute of Illinois. No offer to redeem having been made during the statutory time: *Held*, that a bill of review for errors on the face of the record, brought after that time, must be dismissed.

3. The error in the decree was at most only one of form, and bills of review will not be entertained for errors of form merely.

4. Whether provision is made in the decree for it or not, the defendant in the foreclosure suit would still have the right to redeem from the sale at any time within the statutory period.

[See note at end of case.]

[In equity. Bill by Augustus H. Burley, assignee in bankruptcy of David Kreigh, against James L. Flint, executor of Thompson J. S. Flint, deceased, to review so much of a decree of foreclosure as denied the statutory right to redeem.] Motion [by defendant] to dismiss the bill of review for want of necessary allegations and for want of equity. [The motion was granted, and the bill dismissed.]

McCagg, Culver & Butler, in support of motion.

F. H. Kales, C. A. Burley and L. G. Pratt, contra.

BLODGETT, District Judge. This is a bill of review for errors on the face of the record, filed by the complainant, as assignee of David Kreigh, a bankrupt, charging in substance, that on the 31st day of March, 1877, said Flint exhibited in this court his original bill of complaint, for the foreclosure of a mortgage before that time given by said David Kreigh, and held by the complainant in said original bill; that complainant in this cause was made a party defendant to said bill, and that such proceedings were had in said cause; that on the 19th day of October, 1877, a decree for the foreclosure of said mortgage was entered in said cause, whereby it was "adjudged and decreed that said defendant, David Kreigh, or some of the other defendants in said cause, pay or cause to be paid, to the complainant, within one hundred days from the date of the entry of

this decree, the sum of $66,458.87, with interest thereon at the rate of six per cent. per annum, from the 25th day of July, 1877, (the date of the master's report finding the amount due on said mortgage,) to the day of such payment; and also, pay into court the costs in this cause to be taxed; and in default of doing so, that all and singular the premises mentioned and described in the said bill of complaint, or so much thereof as may be sufficient to satisfy the amount due the complainant as hereinbefore adjudged, together with interest and costs in this case, and which may be sold separately, without material injury to the parties interested, be sold at public auction, by or under the direction of the said Henry W. Bishop, the master in chancery of this court, * * * and that said master. make such sale in accordance with the course and practice of this court."

That afterwards, said master reported to the court that he had sold said premises in accordance with said decree, and that the said Flint had become the purchaser thereof. And on the 13th day of March, 1878, the report of said master was ratified and confirmed by the court, and it was "further ordered and adjudged and decreed by the court that the said master execute and deliver to Thompson J. S. Flint, the purchaser named in said report of sale, a deed conveying the said premises, and all right and title, legal or equitable of the said defendants therein, so by the said master sold to him, as in said report mentioned." And it was further by said order "adjudged and decreed that said defendants and all persons claiming or to claim from, through, or under them or any of them, from and after the commencement of this suit, and all persons having a lien subsequent to the mortgage mentioned in the bill of complaint in this cause, either by judgment or decree or otherwise, upon the premises described in said mortgage, and his and their heirs and personal representatives, and all persons having any lien or claim by, from, through, or under such subsequent judgment or decree, and their heirs and personal representatives, and all persons claiming under them, be forever barred and foreclosed of and from all equity of redemption and other claims, legal or equitable, of, in and to said premises, and every part and parcel thereof. * * *" And that "said purchaser of said premises be let into possession thereof." It also appears from said order, that after paying from the proceeds of said sale, the costs in said cause and applying the balance of said proceeds upon said decree, there remained due to complainant on said mortgage debt, the sum of $29,843.45, for which said David Kreigh was personally liable, and which complainant had leave to prove against the estate of said Kreigh in bankruptcy.

The errors assigned are: First—That the decree of October 19, 1877, orders the abso-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[2] [Affirmed in Burley v. Flint, 105 U. S. 247.]

lute sale of the mortgaged premises without providing for or giving time for redemption, contrary to the statute of the state of Illinois concerning sales of real estate under execution or decrees of court. Rev. St. Ill. c. 77, § 18.

Second—That the order of March 13, 1878, confirming and ratifying the master's sale, made no provision for the redemption of the land from the sale, but directed the master to make an absolute deed of the premises to the purchaser at the sale, and ordered that this complainant, and all other defendants in the original suit, be forever foreclosed and barred from all right and equity of redemption in the land, contrary to the statute of Illinois, providing for the redemption of lands sold under executions and decrees.

And for these errors this complainant now prays that the decrees and orders in said foreclosure suit may be "reviewed, reversed and set aside," and no further proceedings had thereunder; and that all proceedings already had thereunder be avoided and set aside; that any and all deeds made under and by virtue of said decrees or orders be set aside, annulled and declared void; and that this complainant be put in his first and former position as to said property, with the same rights therein as before the entering of said orders and decrees.

The defendant Flint has interposed a motion to dismiss this bill, and complainant's counsel has requested that in considering said motion the court pass upon the equity of the bill.

The motion to dismiss is urged for the reason that the complainant in this bill has not averred a performance of the decree.

By one of the ordinances of Lord Bacon, which still governs as to bills of review, "the decree must be performed before a bill of review can be brought. If the decree be for land, the possession of it must be surrendered; if it be for money, the money must be paid." Partridge v. Usborne, 5 Russ. 195; Wiser v. Blachly, 2 Johns. Ch. 488; 2 Barb. Ch. Pr. 90; Griggs v. Gear, 3 Gilman, 2.

The authorities all sustain these propositions that performance of the decree is a pre-requisite condition to the right to bring a bill of review, and that for a failure to show performance, a motion to dismiss will be sustained.

It will be noticed that the original decree which this complainant seeks to have reviewed and reversed, required that Kreigh, the mortgagor and principal defendant, or some other of the defendants should, within one hundred days, pay the mortgage debt ($66,458.87) with interest and costs, and that in default of so doing, the mortgaged premises be sold. The record also shows that a sale of the mortgaged premises was made in accordance with the decree, and that by such sale the costs and part of the mortgage debt were satisfied, and a decree made allowing complainant to prove the deficiency against the estate of Kreigh in bankruptcy. This decree being in the alternative—that is, for the payment of the mortgage debt and sale in default of payment—I am of opinion that the sale of the property may be considered a performance to the extent of the satisfaction obtained; and as no personal decree on which execution can be issued, was made against defendant Kreigh or his assignee, I am of opinion that the record shows a substantial performance of the decree except as to the possession of the premises. It does not appear from the bill of review that the purchaser has been let into possession under his deed, and I am of the opinion that a full performance of the decree would require that the purchaser be put in possession, either by the voluntary act of the defendant, or by a writ of assistance from the court in aid of its decree.

If the defendant Kreigh had not been in bankruptcy, and a personal decree had been entered against him for the deficiency, it might be that he or his assignee must show payment of the deficiency in order to sustain a bill of review; but that question does not arise, as this record shows that before the foreclosure D. Kreigh had become bankrupt, and the complainant had been elected his assignee.

If I were disposed to decide this case upon the technical question as to whether a performance of the decree was shown by the bill or not, I think I should be compelled to hold that the cause should be dismissed for the failure to show such fact; but I prefer to place my decision upon broader ground, going to the equity of the case as made by the bill and record.

The complainant assumes that it was error in this court to decree an absolute sale of the mortgaged premises without expressly giving to the defendants, by the terms of the decree, a right to redeem the mortgaged premises from the sale, in accordance with the statute of Illinois on that subject. Brine v. Hartford Fire Ins. Co., 96 U. S. 627, and Orvis v. Powell, 98 U. S. 176, are cited in support of this position; and the language used by the court in these cases would seem to justify their citation as controlling authority. It must be borne in mind, however, that in both these cases the court is assuming to protect or enforce a right given by our state statute, holding that the statute, prescribing the right and period of redemption, entered into and became a part of the mortgage contract, and that this court could not, by its decree, deprive the parties entitled thereto of their statutory right of redemption, saying, however, in the Brine case: "It is not necessary that the form or mode of securing a right like this should follow precisely that prescribed by the statute. If the right is substantially preserved or secured, it may be done by such suitable methods as the flexibility of chancery proceedings

will enable the court to adopt." At the time these two cases were decided no express decision had been made by the supreme court of this state, defining the right of a party to redeem when provision had not been made for it in the decree; but since those decisions the opinion of the supreme court of this state in Suitterlin v. Connecticut Mut. Life Ins. Co., 90 Ill. 483, has been promulgated. This was a bill filed by Suitterlin, complainant, on the 28th of July, 1878, in the circuit court of Cook county, against the Conn. Mut. Ins. Co., alleging that the said company, in July, 1874, had filed its bill in this court to foreclose two mortgages upon certain lands; that such proceedings were had in said cause that on the 8th day of March, 1875, a decree of foreclosure was rendered in said cause, whereby, according to the course and practice of this court, said lands were ordered to be sold without redemption; that said premises were sold by the master in chancery of this court, pursuant to said decree, on the 10th day of May, 1876, to said company; and on the 31st day of May, 1876, said sale was confirmed, and the master directed to make a deed thereof to said purchaser, and decreeing that the mortgagor be forever barred and foreclosed from all right and equity of redemption in said premises; that the purchaser be let into possession; and awarded a personal decree against the complainant Suitterlin, for over $6,000 deficiency; and that said master on the 16th day of June, 1876, executed to said company a deed of said premises.

The bill further charged that the course and practice of this court to sell lands under decrees of foreclosure, without allowing a right of redemption, was contrary to the statute of the state of Illinois; that the court had no power or jurisdiction to make a sale in that manner, and that said sale was void, and that Suitterlin, the mortgagor, was entitled to make payment of said mortgage, and relieve the premises of the lien thereon, which he offered to do.

The record of this court in said foreclosure suit was pleaded in bar to Suitterlin's bill, that by the laws of the United States the time for prosecuting appeals and writs of error is limited to two years; that more than two years had elapsed since said decree, and no appeal or writ of error had been prosecuted from said foreclosure decree. This plea having been set down for argument, was held good by the circuit court, and the bill dismissed for want of equity. From the circuit court the cause was taken by appeal to the appellate court, where the decree of the circuit court was affirmed, and an appeal taken to the supreme court of this state, where the decree of the lower court was affirmed.

It was there contended as in this case, that this court in directing an absolute sale of the mortgaged premises had exceeded its power and that so much of the decree as directed a sale without redemption was erroneous and void.

In answer to this position, the supreme court says:

"Without attempting to pass upon the question whether the decree of the United States court in so far as it ordered an absolute sale of the mortgaged premises without allowing the statutory right of redemption, was in excess of its jurisdiction and void, so that the mortgagor, notwithstanding the decree and the master's deed, might within the year allowed him by the statute for redemption, have paid or tendered the redemption money, and redeemed the land, or have been entitled to file a bill for redemption, we will assume, for the purposes of the present decision, that that portion of the decree excluding redemption was void, and it is not then apparent that this bill can be maintained. Such portion of the decree being held void, need not invalidate the residue of the decree, or make null all the subsequent proceedings in execution of the decree.

"The decree here finding the amount due was good, and also the order of sale, if the amount was not paid within a hundred days. The defect was in adding to the order of sale, that it should be without redemption.

"Hold that additional portion of the order of sale to be void, then it is null, as if it were not, and the simple order of sale stands, which has been executed and a deed given. The statute gave to the mortgagor the right of redemption, and he might have exercised it. It is not the decree that gives the right to redeem. The mortgagor does not depend upon that for the right, but upon the statute. We apprehend that in a decree of foreclosure, a mere order of sale would be sufficient, saying nothing about redemption, that the right of redemption would not be interfered with under such an order, but would exist in full force by virtue of the statute, and that it would be the duty of the officer in the execution of the order of sale to follow the directions of the statute. But suppose he should not do so, and upon sale made, instead of giving a certificate of the sale, and that the purchaser would be entitled to a deed at the end of fifteen months, if the premises should not be redeemed as the statute directs, should do as was done in the present case—execute a deed at once? We think that would not defeat redemption, nor give right of present possession, at least in equity, but that the statute would control, and the right of redemption and of present possession remain by virtue of the statute, and that the deed would remain inoperative in effect, until the expiration of the period for redemption.

"The decree here has been executed, the sale made and deed given. The wrongful circumstance was the making of the deed

at the time of the sale, instead of deferring its execution until fifteen months afterwards. The deed was prematurely made; but if it be held as not affecting any right of the debtor in consequence thereof, why may it not stand and remain as an operative deed after the expiration of the period of redemption, where no attempt had been made to assert the right of redemption?

"It is not perceived what legal harm can have resulted to appellant from the decree being in its present form, instead of with redemption.

"If erroneous only in so far as it did not allow the statutory right of redemption, then, on the settled rule, it could not be questioned collaterally. If void, then we do not regard that it was an obstruction to the exercise of the right of redemption given by the statute, and it is only as affecting the exercise of such right of redemption, that there can be substantial cause of complaint. As affecting the sale of the premises, it would seem that one without redemption would be calculated to insure a better price for the property sold than a sale subject to redemption. Had all been in regular form, and a certificate of purchase only, given on the sale, the purchaser would have been entitled to a deed, there having been no effort for the exercise of the right of redemption. Now, having the deed, notwithstanding it was prematurely executed, we think the purchaser may hold it, there not appearing to be any equitable ground for the interposition of a court of equity to set it aside, and allow redemption at the present time.

"We are of opinion that there is no equitable title to relief shown, and that the circuit court did right in holding the plea good and dismissing the bill." Suitterlin v. Connecticut Mut. Life Ins. Co., 90 Ill. 483.

It seems to me to follow inevitably from the reasoning of the Illinois supreme court, that the complainant in this case was not deprived by the decree which he now seeks to have reviewed and reversed, of the right of redemption given by the statute of Illinois, and therefore, that the error assigned in the bill under consideration worked no injury to this complainant. By reference to dates it will be seen that within a very few months after the entry of the decree now complained of, and long before the expiration of twelve months after the sale under that decree, the supreme court of the United States rendered its opinion in the Brine Case, deciding, in effect, that this court could not deprive a mortgagor of his statutory right of redemption from a sale under decree of foreclosure; and the practice of this court was, without delay, adapted to that decision, and specific rules entered of record prescribing the method by which redemptions could be made. It is therefore to be presumed that if this complainant had, within the twelve months allowed him for that purpose, brought into court the money

required to make a redemption under the statute, the court, in the exercise of its equity powers, would have allowed the redemption, either upon petition or by a supplemental bill in the nature of a bill of review. At most, the error in the decree complained of, was only an error of form. The complainant does not deny the justice of the demand established by the decree, but simply claims that the court did not specifically reserve to him the statutory right of redemption from the sale; but the failure to do this did not deprive the complainant of his rights, and worked him no substantial injury. And bills of review will not be entertained for errors of form merely. Story, Eq. Pl. § 411. Having allowed his statutory time for redemption to expire without an offer or effort to redeem, the complainant's bill of review appears to me to be without equity. He comes too late to ask the court to correct the error assigned; and therefore, although there may have been a technical error in the foreclosure decree, it deprived the complainant of no rights.

Bills of review for newly discovered evidence can only be filed by leave of court, for the reason that the court must look into the newly discovered evidence and determine whether an equitable case for review is made out; and while no leave of court is required to file a bill of review for errors on the face of the record, yet if the court on an examination of the record can see that the complainant upon the showing made, is not entitled to a decree for relief, the bill should be dismissed.

It was suggested on argument, that the Suitterlin Case was a bill to redeem, while this is a bill of review; but to my mind the distinction between the two actions is one of form merely. The leading principle established by the Suitterlin Case is, that the statutory right of redemption cannot be denied or taken away by the neglect of the court to recognize it in the decree, nor by a denial of such right in express terms. And it seems to me that if this case had been before the supreme court of the United States, when Brine v. Hartford Fire Ins. Co. [96 U. S. 627] and Orvis v. Powell [98 U. S. 176] were under consideration, it is at least extremely doubtful if that court would have reversed either of these cases for error, it being a well established rule of the supreme court of the United States that it will follow that construction of state statutes which has been adopted by the supreme court of the state enacting the statute. Townsend v. Todd, 91 U. S. 452; Elmwood v. Marcy, 92 U. S. 289.

If, therefore, the supreme court of the United States had been advised that the supreme court of this state in a case precisely like the Brine Case upon the question at issue, had said: "It is not perceived what legal harm can have resulted to the appellant from the decree being in its present

form instead of with redemption," it would hardly have deemed the error assigned in the Brine Case grave or vital enough to require a reversal of the decree.

The motion to dismiss is therefore sustained, because I think the matters alleged in the bill do not and should not entitle the complainant to any relief.

NOTE [from original report]. This opinion has been recently affirmed by the United States supreme court. See, also, Hards v. Connecticut Mut. Life Ins. Co. [Case No. 6,055].

[NOTE. The complainant appealed to the supreme court, where the decree of dismissal was affirmed, the court holding that, had appellant appealed from the original decree, it would have ordered a reversal, and would probably have done so had an appeal been taken from the order confirming the sale and cutting off the right to redeem, but that the bill of review, having been filed after the expiration of the statutory period of redemption, was too late, it being necessary, in order to redeem under the decree and sale in question, that the offer should have been made within the time prescribed by statute, and not afterwards. Burley v. Flint, 105 U. S. 247.

[The statutory right of redemption is a rule of property binding on the federal courts. Brine v. Hartford Fire Ins. Co., 96 U. S. 627; Orvis v. Powell, 98 U. S. 176; Swift v. Smith, 102 U. S. 442; Connecticut Mut. Life Ins. Co. v. Cushman, 108 U. S. 51, 2 Sup. Ct. 236. And see Blair v. Chicago & P. R. Co., 12 Fed. 750. But they may follow their own modes of proceeding. Allis v. Northwestern Mut. Life Ins. Co., 97 U. S. 144. Appeal suspends the redemption period. Mason v. Northwestern Mut. Life Ins. Co., 106 U. S. 163, 1 Sup. Ct. 165. An objection that a decree fails to provide for the period of redemption can only be made with an offer to redeem. Hards v. Connecticut Mut. Life Ins. Co., Case No. 6,055. A statute allowing redemption only applies to mortgages thereafter made. Howard v. Bugbee, 24 How. (65 U. S.) 461. Redemption of a homestead by an assignee in bankruptcy is for the benefit of the estate. Swenson v. Halberg, 1 Fed. 444. A bill in equity will be maintained upon an offer to redeem and proof of readiness and ability. Upham v. Brooks, Case No. 16,796. All persons having a legal interest in the mortgage or the mortgaged property should be made parties to a suit to redeem. Dexter v. Arnold, Id. 3,857; Upham v. Brooks, Id. 16,797; Coiron v. Millaudon, 19 How. (60 U. S.) 113; Gordon v. Lewis, Case No. 5,613; Kanawha Coal Co. v. Kanawha & O. Coal Co., Id. 7,606. See Dickinson v. Lamoille County Nat. Bank, 12 Fed. 747; Shapley v. Rangeley, Case No. 12,707. A grantor in a deed absolute intended as a mortgage may redeem. Hughes v. Edwards, 9 Wheat. (22 U. S.) 489; Dow v. Chamberlain, Case No. 4,037. And see Villa v. Rodriguez, 12 Wall. (79 U. S.) 323; Peugh v. Davis, 96 U. S. 332. A junior mortgagee may redeem. Seales v. Jacksonville, etc., R. Co., Case No. 12,586. And the redemption constitutes him an assignee of the foreclosed mortgage. Dodge v. Fuller, 48 Fed. 347. Laches will defeat the right to redeem. Hughes v. Edwards, 9 Wheat. (22 U. S.) 489; Dexter v. Arnold, Case No. 3,859; Fraser v. Prather, 1 MacArthur, 206. And see Slicer v. Bank of Pittsburg, 16 How. (57 U. S.) 571. The whole debt of the mortgagor must be paid. Collins v. Riggs, 14 Wall. (81 U. S.) 491; Holbrook v. Worcester Bank, Case No. 6,597; McCormick v. Knox, 105 U. S. 122. The place of redemption is the forum where jurisdiction in personam of the mortgagee can be had without regard to the situs of the land. Kanawha Coal Co. v. Kanawha & O. Coal Co., supra. Upon payment of the mortgage there is a re-sulting trust in favor of the mortgagor. Bronson v. Kinzie, 1 How. (42 U. S.) 316. Redemption within the period allowed renders the sale nugatory. Lauriat v. Stratton, 11 Fed. 107. Time for redemption will not be extended. Jenkins v. Eldridge, Case No. 7,269.]

---

BURLEY (LEVY v.). See Case No. 8,300.

BURLEY (UNITED STATES v.). See Case No. 14,686.

BURLINGAME (SMITH v.). See Case No. 13,017.

BURLINGIM (ARROWSMITH v.). See Case No. 563.

BURLINGIN (ANOWEURTH v.). See Case No. 478.

BURLINGTON (GUERNSEY v.). See Case No. 5,855.

BURLINGTON (UNITED STATES ex rel. LEARNED v.). See Case No. 14,687.

BURLINGTON & M. R. CO. (HUNNEWELL v.). See Case No. 6,879.