that stated by the commissioner, were distilled within the period mentioned, and this entirely, or in part, overthrows the assessment. They were at liberty to show a payment of the tax in whole or in part, and thus discharge or reduce the liability. To the extent, however, in which the assessment was impaired, it was evidence of the amount due. It was error, therefore, to instruct the jury that the assessment was to be taken and considered in its entirety, and that the government was entitled to recover the exact amount assessed or not any sum. A decree in the equity suit is not a bar to the prosecution of the action against the principal and sureties on a distiller's bond, in the absence of proof that the assessment which it adjudged invalid covered the spirits upon which the assessment in this suit was made.

S. F. Phillips, Solicitor Gen., for plaintiffs in error.

J. P. C. Cottrill, L. Abraham, and C. E. Mayer, for defendants in error.

## Public Land—Claim of Right to.

SIMMONS v. OGLE, U. S. Sup. Ct. Oct. Term, 1881. Appeal from the circuit court of the United States for the southern district of Illinois. Appellant recovered judgment in an action of ejectment on a patent from the United States. Defendant in that action brought suit in chancery to compel a conveyance of the legal title to himself, on the ground of a superior equity, and prevailed in his suit, from which this appeal is taken. The case was decided in the supreme court of the United States on April 10, 1882. Mr. Justice *Miller* delivered the opinion of the court, reversing the decree of the circuit court.

The laws encouraging settlements upon the public lands are so indulgent, and so numerous are these settlements, that the weight of the inference in favor of any claim of right on the part of a settler, whether legal or equitable, against the United States, growing out of the mere possession, is very slight, and a party claiming land, as against a patentee, on the ground of a superior equity, has cast upon him the necessity to make clear and satisfactory proof of his superior equity. In all completed sales of the public land, besides the entry in the books of the local land-office, two other documents of superior probative force usually attend the sale, which together constitute the certificate of sale,—the first signed by the register giving a description of the land, the amount paid, and the name of the purchaser; the second signed by the receiver, which is a simple receipt for the price; and in the absence of a patent these documents must be produced to establish any claim of right.

R. A. Halbert and F. A. McConaughty, for appellant.

J. L. D. Morrison, for appellee.

## Bill of Review.

BURLEY v. FLINT, Sup. Ct. U. S. Oct. Term, 1881. This was an appeal from the circuit court of the United States for the northern district of Illinois. A bill of review had been filed in the circuit court seeking to reverse so much of the former decrees of the court in a foreclosure suit as denied the statutory right of redemption given by the laws of the state in regard to land sold under such decrees. A hearing was had on motion to dismiss the bill, which, by consent of counsel, was to be treated as a demurrer, and the court dis

# 638 FEDERAL REPORTER.

missed the bill, from which order this appeal is prosecuted. The decision was rendered on March 13, 1882, affirming the decree of the circuit court. Mr. Justice *Miller* delivered the opinion of the court.

Where appellant does not seek to reverse the order of sale to satisfy the amount due to the mortgagee, nor ask that the sale made under that order be set aside and a new sale ordered, nor make any offer to redeem by payment of the amount found due on the original mortgage, nor offer to pay the amount bid at the sale by the mortgagee or tender any sum in court as assurance that he will do so, but simply asks that so much of the decree as forecloses this statutory right to redeem may be reviewed and reversed, his bill of review was properly dismissed.

Francis H. Kales, for appellant.

E. B. McCagg, for appellee.

Cases cited in the opinion: Brine v. Ins. Co. 96 U. S. 627; Suitterlin v. Conn. Mut. Ins. Co. 90 Ill. 483.