WOODS et al., Commissioners of Highways, v. ROOT, Secretary of War, et al.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1903.)

No. 950.

1. REMOVAL OF CAUSES—FEDERAL QUESTION.

A suit to enjoin officers of the United States charged with the construction of a government canal from changing the location of a highway bridge over the canal, in alleged violation of a decree of a district court in proceedings to condemn right of way across the highway, is one arising under the laws of the United States, and removable on that ground.

2. COURTS—JURISDICTION—SUIT TO ENFORCE EXECUTORY DECREE OF ANOTHER COURT.

An order made by a District Court of the United States in proceedings for the condemnation of right of way for a government canal across a highway, which requires the government to construct a bridge on the highway over the canal of a certain character, as shown by plans and specifications in evidence, is executory until the bridge has been constructed, and no other court, state or federal, has jurisdiction of a suit to enjoin its alleged violation, but application for its enforcement must be made to the court which entered it.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

The bill in this cause was filed originally in the Circuit Court of Whiteside County, Illinois, and on petition of appellees was removed to the Circuit Court of the United States, for the Northern District of Illinois, upon the ground that it was a suit arising under the Constitution and laws of the United States.

A motion to remand having been overruled, and a general and special demurrer to the bill filed, the Circuit Court ordered that the bill be dismissed for want of equity. From this order, and from the order refusing to remand the case, this appeal is prosecuted.

The further facts are stated in the opinion of the Court.

F. E. Andrews, for appellants.
S. H. Bethea, U. S. Dist. Atty., for appellees.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge, after the foregoing statement of facts, delivered the opinion of the Court.

The bill shows that a public highway, dividing the two townships of which appellants are commissioners, and partly in each, crosses a feeder of the Hennepin Canal now in process of construction; that the feeder is three hundred feet wide, and has been condemned across the highway in the United States District Court, for the Northern District of Illinois, under an act of Congress providing that in acquiring the right of way across highways, the basis of condemnation shall be the construction and maintenance of bridges by the United States, as provided for by the detailed plans and estimates submitted to Congress; that at the trial in the District Court condemning the right of way across this highway, certain maps were filed, showing that the highway crossed the feeder, but nothing therein showing any intention to change the location of the highway, or to locate the bridge at any point other than within the limits of the highway as it existed prior to the commencement of the proceedings; that there was nothing in the evidence submitted to the District Court, nor in the detailed plans and estimates submitted to Congress, that showed any intention to change the location of such highway, or to build the bridge at any point other than within the limits of the highway as it then existed; that in the judgment entered in the condemnation proceedings, it was ordered that a good and sufficient bridge, and proper and safe approaches thereto, should be built and maintained across such highway, of sufficient width to allow teams to pass thereon; that the Secretary of War and his engineers, the other appellees herein, are about to change the location of the highway so as to make it conform to a bridge to be constructed across the canal at a point four hundred feet south-west of the center of the highway; that appellees are about to take out the portion of the highway that now crosses the canal, constructing the approaches to the proposed bridge at points as above described outside the present highway; that protests have been made upon the part of appellants to the proposed change, but without effect; that the proposed change would increase the length of the road, make it crooked, increase the slope in the approaches, and make the roadway on the bridge and approaches so narrow that teams could not safely

pass, thereby unreasonably obstructing the public travel and increasing the danger of accidents; and praying that the appellees, their successors, agents, and servants, be restrained from interfering with the highway at the point named, except to build and construct a bridge within the present highway over said canal, "at the place and in the manner specified in an order made by the Board of Commissioners of said towns of Coloma and Montmorency, July 14th, 1900."

The case was rightly removed into the United States Circuit Court. It rises out of an order made in the District Court in pursuance of an act of Congress authorizing the condemnation of the highway for the purpose of a canal. The suit is one, therefore, arising under the Constitution and laws of the United States.

But though the case was rightly removed, the jurisdiction of the United States Circuit Court is not thereby enlarged beyond the jurisdiction of the state court originally invoked. The United States court gets nothing by the removal; it sits only to determine what the state court might have determined but for the removal.

The jurisdictional inquiry, then, is this: Had the Circuit Court of Whiteside County, but for the removal, jurisdiction to grant the relief asked upon the facts stated? In our judgment the state court was without such jurisdiction, not because it was a state court, and the defendants United States officers, and the subject matter of the suit an United States Work (questions we do not decide); but because the relief prayed for would be an interference, collaterally, with the execution of the condemnation proceedings in the United States District Court.

The bill shows that in the condemnation proceedings there was involved the location of the bridge, the character of its structure, the location and character of the approaches, and all the details of construction essential to the preservation of the highway as provided for in the act of Congress. The direction contained in such decree, whether express, or by implication from the maps and plans exhibited, is executory; and the District Court is open to the appellants to apply for its enforcement. To allow the bill under consideration to lie would be to charge the state court, or, on removal, the Circuit Court of the United States with the execution of the District Court's executory order. The two Courts might disagree as to the order's meaning, its scope, or the manner of its enforcement, and a conflict ensue such as the policy of the law forbids. Until the order is fully executed, so that it is no longer within the power of the court, but has become a fixed right of the party, no question going merely to its terms, or the manner of its enforcement, can be entertained outside the court that entered it. The Circuit Court of Whiteside County was in this respect without jurisdiction.

The order dismissing the bill was for want of equity; it should have been for want of jurisdiction. The decree of the Circuit Court is reversed, but without costs, with instructions that the bill be dismissed for want of jurisdiction apparent on the face of the bill.