**SOUTH DAKOTA CENT. RY. CO. v. CONTINENTAL & COMMERCIAL TRUST & SAVINGS BANK et al.\***

(Circuit Court of Appeals, Eighth Circuit.   February 1, 1919.)

No. 5150.

1. REMOVAL OF CAUSES ☞13—GROUND OF REMOVAL—"FEDERAL QUESTION."
   A suit in a state court, attacking the title to property acquired under a decree of a federal court on the ground that such decree was void, involves a "federal question," and is removable.
   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Federal Question.]

2. JUDGMENT ☞502—COLLATERAL ATTACK—ERROR IN JUDGMENT.
   A decree of a federal court in a railroad foreclosure suit, directing sale of the property by its receiver without appraisement or right of redemption, which are provided for in real estate foreclosures by the laws of the state, if erroneous, is not void for want of jurisdiction and subject to collateral attack, but is reviewable only by appeal.

Appeal from the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Suit in equity by the South Dakota Central Railway Company against the Continental & Commercial Trust & Savings Bank and others. Decree for defendants, and complainant appeals. Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 249 U. S. —, 39 Sup. Ct. 493, 63 L. Ed. —.

Odin R. Davis, of Sioux Falls, S. D. (Tore Teigen, of Sioux Falls, S. D., on the brief), for appellant.

E. C. Lindley, of St. Paul, Minn. (H. E. Judge and Frank R. Aikens, both of Sioux Falls, S. D., on the brief), for appellees.

Before HOOK, Circuit Judge, and TRIEBER, District Judge.

TRIEBER, District Judge. This is an appeal from a final decree sustaining a motion of the defendants to dismiss the complaint for want of equity.

The cause was originally instituted by the appellant in a circuit court of the state of South Dakota, and on petition of the appellees removed to the District Court of the United States for the District of South Dakota. A motion to remand the cause to the state court was overruled, and thereupon the motion to dismiss the complaint for failing to state a cause of action was sustained. The parties will be referred to as they appeared in the court below.

The object of the complaint was to redeem the railroad property from the defendant the Watertown & Sioux Falls Railway Company, who was in possession thereof, after an accounting for the rents and profits derived therefrom by the defendant railway company, and quiet title in the plaintiff, after paying what amount may be found to be due upon such accounting. The material allegations in the complaint are that, in a foreclosure proceeding of a mortgage on the property executed by the plaintiff, a final decree of foreclosure was rendered by the District Court of the United States for the District of South Dakota, which provided that if the mortgage debt, which was found to be due from the defendant in that cause, the plaintiff in this action, is not paid within a time specified, the mortgaged premises be sold by the special master appointed for that purpose "without valuation or appraisement, right of redemption, stay, or execution"; that the sale was made accordingly, the debt adjudged to be due not having been paid. The sale was made on June 12, 1916, without valuation or appraisement, and without right of redemption, stay, or extension to the defendant Charles O. Kalman. The report of sale by the special master was filed on the same day and was confirmed by the court on June 28, 1916; that thereupon the said Kalman assigned his bid to the defendant Watertown & Sioux Falls Railway Company, who paid the purchase price, received a deed to the property on July 6, 1916, took possession thereof, and has been in such possession ever since, collecting the rents and profits therefrom. This action was instituted in the state court on August 20, 1917.

The contention of the plaintiff is that under the statutes of South Dakota the property of the railroad could not be sold under foreclosure without valuation, appraisement, and the right of redemption within one year after such sale, and therefore the decree of foreclosure is absolutely void and subject to collateral attack at any time.

The assignment of errors raises two questions of law. (1) That the court erred in refusing to remand the case to the state court. (2)

That the decree of foreclosure, which is attacked in this proceeding, is absolutely void, for depriving the mortgagor of the right of appraisement of the property before sale, and redemption after sale, and therefore is subject to collateral attack.

[1] I. As this is an action attacking a title to property acquired under a decree of a national court, upon the ground that the decree was coram non judice, there is a federal question involved, the action being dependent upon the original proceeding, under which title is claimed. and it was clearly removable upon that ground. This has been decided by the Supreme Court and this court, as well as all other national courts, so many times, that it has ceased to be a debatable question. Among the many decisions, upholding the jurisdiction of the national courts on this ground, decided by this court, are the following: Campbell v. Golden Cycle Mining Co., 141 Fed. 610, 73 C. C. A. 260; Lang v. Choctaw, Oklahoma & Gulf R. R., 160 Fed. 355, 87 C. C. A. 307; Mound City v. Castleman, 187 Fed. 921, 110 C. C. A. 55; Ferguson v. Omaha, etc., R. R. Co., 227 Fed. 513, 142 C. C. A. 145; Swift v. Black Panther Oil & Gas Co., 244 Fed. 20, 156 C. C. A. 448.

While in most of the cases cited the proceedings in the national courts were to enjoin the party attacking the decree from proceeding in the state court, Campbell v. Golden Cycle Mining Co., supra, and Ferguson v. Omaha, etc., R. R. Co., supra, were actions instituted in the national courts originally, and the jurisdiction sustained upon the sole ground that an attack upon a decree of a national court raises a federal question.

The same rule has been recognized by the national courts generally. Julian v. Central Trust Co., 193 U. S. 93, 24 Sup. Ct. 399, 48 L. Ed. 629; Wabash Railroad v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379; First National Bank v. Society for Savings, 80 Fed. 581, 25 C. C. A. 466 (4th Ct.); Woods v. Root, 123 Fed. 402, 59 C. C. A. 206 (7th Ct.); Cornue v. Ingersoll, 176 Fed. 194, 99 C. C. A. 548 (1st Ct.); McClelland v. Rose, 247 Fed. 721, 159 C. C. A. 579 (5th Ct.), Ann. Cas. 1918C, 341.

Counsel cite numerous authorities, in which it has been held that actions involving title to property sold under executions issued out of a national court, or actions on judgments rendered by a national court, involve no federal question, and therefore not removable, have no application to the issue involved in this cause. Carson v. Dunham, 121 U. S. 421, 7 Sup. Ct. 1030, 30 L. Ed. 992, is relied on as conclusive against the right of removal. A careful examination of what is there decided, does not sustain this contention. The right, which was claimed to arise under a decree of a national court, was first set up as a defense in the answer, and did not appear in the complaint; no attack was made on the decree, or its validity questioned. As stated by the court:

"It is an attempt to enforce an ordinary property right, acquired under the authority of judgments and decrees in the courts of the United States, without presenting any question 'distinctly involving the laws of the United States.'"

It is clearly distinguishable from the facts in the instant case. The motion to remand was properly overruled.

[2] II. Counsel for appellant in his argument frankly stated that, unless the original decree of foreclosure is absolutely void for being in excess of the court's jurisdiction, the decree dismissing the bill is right. In view of this admission, we do not deem it necessary to determine whether the statute of the state of South Dakota, providing for an appraisement and redemption from sales of realty under a decree of foreclosure, applies to foreclosure sales of railroads, when the mortgage, as this did, includes, not only the realty of the railroad company, but also "all ballast, ties, spikes, bolts, joints, rails, * * * telegraph and telephone lines and apparatus, locomotives, cars, roundhouses, machine shops, * * * maintenance and construction equipment and rolling stock, all tools, machinery, materials, supplies, books, papers, records, accounts, franchises, licenses, agreements, * * * and all property and property rights of whatsoever character or nature and wherever situated, real, personal or mixed, now or at any time hereafter acquired," etc. Nor is it necessary to determine whether such a statute, if it applies to such a mortgage of a railroad, must be followed by the courts of the United States. Assuming, without deciding, that appellant's contention, that both of these questions must be answered affirmatively, is correct, it does not follow that the decree was absolutely void, and therefore subject to collateral attack.

In our opinion, it would only be error, which can only be corrected by appeal. The court, in the foreclosure proceeding, had jurisdiction of the subject-matter, of the persons of the defendants, who had been duly served with process and appeared therein, and was in possession of the property at the time the decree was rendered, and the sale made, by its receiver. A case exactly in point is Suitterlin v. Connecticut Mutual Life Ins. Co., 90 Ill. 483. Again, as early as 1823 it was held in McCormick v. Sullivant, 23 U. S. 192, 199, 6 L. Ed. 300, that a decree of a national court, based on pleadings which failed to show a diversity of citizenship or any other jurisdictional ground, is not coram non judice, and therefore not subject to collateral attack. Later cases in which the same principle is recognized are Dowell v. Applegate, 152 U. S. 327, 337, 340, 14 Sup. Ct. 611, 38 L. Ed. 463; Evers v. Watson, 156 U. S. 527, 15 Sup. Ct. 430, 39 L. Ed. 520; Riverdale Mills v. Manufacturing Co., 198 U. S. 188, 197, 25 Sup. Ct. 629, 49 L. Ed. 1008; Marin v. Augedahl, 247 U. S. 142, 38 Sup. Ct. 452, 62 L. Ed. 1038.

We are not advised upon what ground the court, when it rendered the decree of foreclosure, based its decision. It may have held that the statute did not apply to foreclosures of railroad mortgages, or that it was unconstitutional, or that the national courts are not bound by the state statutes, or on some other ground not apparent to us. The most that can be claimed is that it erred in so holding. If there was error, and we do not hold that there was, it could only be corrected by appeal, and not by a collateral attack, as is attempted in the instant case.

The decree is affirmed.