Gray, J.
 

 The revised statutes (vol. 1, part 1, ch. 13) define the property liable to taxation, and the plan and manner in which assessments are to be made, the duties of assessors, the manner of collecting, and the duties of the collector, the return to be made by county treasurers to the comptroller, and make it the duty of the comptroller, when any tax charged on lands returned to him shall remain unpaid for two years from the first day of May following the year in which 'the same was assessed, to advertise and sell the same, and directs the proceedings by the comptroller, preliminary to, and upon the sale, the giving of a certificate, and upon the failure to redeem, the giving of a deed to the purchaser, which deed is declared to be “ conclusive evidence that the salé was regular,” according to the provisions of the chapter referred to. (1 R. S. 412, § 81.)
 

 The appellants’ title to the lands in question rests solely upon the comptroller’s deed, bearing date March 1st, 1834, given in *pursuance of a tax-sale, and without preliminary proof of the proceedings prior thereto. Unless, therefo -e, that deed was evidence,
 
 *345
 
 as well of the regularity of the proceedings that conferred upon the comptroller the power to sell, as of the sale itself, the appellants were without title, and not entitled to recover.
 

 These deeds, until since the discussion of a similar question, by the court for the correction of errors, in
 
 Striker
 
 v.
 
 Kelly
 
 (2 Denio 323), arising upon a similar statute, were, so far as I am informed, uniformly received as evidence, not only of the regularity of the sale by the comptroller, hut of the action of the officers whose duties preceded his. In the case referred to, the city authorities of the city of New York, under an act of 12th April 1-816 (Laws of 1816, p. 115, § 2), -were authorized to sell, for a term of years, certain lands upon which taxes had been assessed, and to give a lease therefor, which lease was, by the act authorizing it, made “ conclusive evidence that the sale was regular,” according to the provisions of the act authorizing the sale and leasing. In that case, the same question arose upon the lease, that arises here upon the deed, viz., whether the lease was evidence of the authority to sell; and it was held, that without the affidavit of the collector of taxes of the demand by him of the tax, as required by the act, the city authorities had not the power to sell. That case is not distinguishable in principle from the one before us. It has been followed in a case in all respects like this, by the supreme court of the fifth district, in an able opinion by Gbidley, J.
 
 (Varick
 
 v.
 
 Tallman,
 
 2 Barb. 113), and so well has the law upon this point been regarded as settled, that further legislation has been deemed necessary to remedy the defect in the law as it existed when this cause was tried. (Laws of 1850, c. 183.) The judgment of the supreme court should be affirmed.
 

 Judgment affirmed.