ELIAS BAER, as Executor of GEORGE BAER, Deceased, Respondent, v. JOHN G. McCULLOUGH et al., as Receivers of THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellants.

1. PRACTICE — CONTINUANCE OF ACTION IN STATE COURT AGAINST RECEIVERS APPOINTED BY FEDERAL COURT AFTER THEIR DISCHARGE — CODE CIV. PRO. § 756. An action against railroad receivers appointed by a federal court brought in the Supreme Court of the state of New York under the Revised Statutes of the United States, authorizing the bringing of actions without previous leave of the court against a receiver appointed by a federal court in respect to any act or transaction of his in carrying on the business connected with the property, is not necessarily terminated as to them by their subsequent discharge and the transfer of the property pursuant to a decree of foreclosure and sale made by the federal court, and the plaintiff is not obliged to substitute the purchaser thereunder as defendant before proceeding to judgment; under section 756 of the Code of Civil Procedure, in case of a devolution of liability, the court may substitute the party upon whom the liability is devolved, but when it does not, the action is properly continued against the original parties.

2. SAME. The fact that the statute authorizing the bringing of the action contains the provision, " But such suit shall be subject to the general equity jurisdiction of the court in which such receiver was appointed," does not require the discontinuance of the action against the receivers after their discharge, upon the ground that the federal court having provided by the decree a method for establishing claims against the fund that was in the hands of the receivers, that method is exclusive; since Congress intended to permit claims to be established through the ordinary local judicial machinery, although their payment must be decreed by the federal court alone, especially in a case where the decree makes no provision that the method therein provided is exclusive and assures all the creditors that their claims, whether established or not at the time of the sale of the property, shall be paid.

7

3. EVIDENCE — COMPETENCY OF TAX DEED. Under section 132 of the Tax Law (L. 1896, ch. 908) a tax deed executed by a county treasurer, which has for two years been recorded in the office of the clerk of the county in which the lands conveyed thereby are located, is admissible in evidence without proof of the regularity of the proceedings upon which it is based.

*Baer* v. *McCullough,* 72 App. Div. 628, affirmed.

(Argued June 24, 1903; decided October 6, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 27, 1902, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry Bacon* and *Joseph Merritt* for appellants. The exception to the admission of the tax deed in evidence was well taken. (*Gardner* v. *Heart,* 1 N. Y. 528 ; *Van Inwegen* v. *P. J., etc., R. R. Co.,* 34 App. Div. 95 ; *Sinclair* v. *Field,* 8 Cow. 543 ; *Beekman* v. *Bigham,* 5 N. Y. 366 ; *Thompson* v. *Burhans,* 61 N. Y. 52 ; *People* v. *Turner,* 117 N. Y. 227.) It was not competent for the Supreme Court of the state of New York to continue or to permit the continuance of any action against the defendants as receivers appointed by the Circuit Court of the United States after that court had terminated the receivership and removed and discharged them as such receivers. (1 U. S. R. S. Supp. 614, § 3 ; *F. L. & T. Co.* v. *I. C. R. R. Co.,* 2 McC. [U. S.] 181 ; *Jessup* v. *W., etc., R. R. Co.,* 44 Fed. Rep. 663 ; *Thompson* v. *M. P. R. R. Co.,* 93 Fed. Rep. 384 ; *De Groot* v. *Jay,* 30 Barb. 483 ; *Higgins* v. *Wright,* 43 Barb. 461 ; *Taylor* v. *Baldwin,* 14 Abb. Pr. 166 ; *James* v. *J. C. Co.,* 8 N. Y. S. R. 490 ; *Peale* v. *Phipps,* 14 How. [U. S.] 368 ; *Barton* v. *Barbour,* 104 U. S. 126 ; *Herring* v. *N. Y., L. E. & W. R. R. Co.,* 105 N. Y. 340.)

*Frank S. Anderson* and *John F. Anderson* for respondent. The exception to the admission of the tax deed in evidence was not well taken. (L. 1896, ch. 908, § 132 ; *People* v.

*Turner*, 117 N. Y. 227.) The defendants not having had the Erie Railroad Company substituted in their stead, the case properly proceeds against the original parties. (*Hegewisch* v. *Silver*, 140 N. Y. 414.)

PARKER, Ch. J. While defendants were receivers of the property of the New York, Lake Erie and Western Railroad Company they allowed an accumulation of inflammable material upon its property and near its tracks, which was set fire by sparks from a locomotive. The fire spread to the adjoining property of plaintiff, occasioning him substantial damage. The accumulation of combustible material was in violation of statute, and the jury found defendants guilty of negligence, and fixed the damages at a sum for which judgment was entered, with costs, and subsequently affirmed by the Appellate Division.

It is urged in this court, as it was in the courts below, that, inasmuch as there is no personal liability on the part of the receivers, it was error to deny defendants' motion upon the opening of the trial, that the court proceed no further with the action because defendants were no longer receivers, having discharged the duties of their trust, and been discharged by the court after a sale of the property pursuant to decree. As the learned counsel for defendants now states it, the receivers having terminated their receivership, any action or legal proceeding against them was necessarily terminated, and it was not competent for the Supreme Court of the State of New York to continue or permit the continuance of any action against defendants as receivers appointed by the Circuit Court of the United States after that court had terminated the receivership and discharged them.

The action was brought against defendants while they were receivers, and in full possession of the property, and it was properly brought under that provision of the Revised Statutes of the United States which authorizes the bringing of actions, without previous leave of the court, against a receiver appointed by a federal court in respect to any act or transac-

tion of his in carrying on the business connected with such property.

After the action was at issue but before trial the railroad property was sold pursuant to a decree of foreclosure and sale. But such decree expressly provided that "The purchaser or purchasers shall as part consideration and purchase price of the property purchased, and in addition to the sum bid, take the same and receive the deed therefor upon the express condition that he or they or his or their successors or assigns, shall pay, satisfy and discharge any unpaid compensation which shall be allowed by the court to the receivers and any indebtedness and obligations or liabilities which shall have been contracted or incurred by the receivers or which may be contracted or incurred by the receivers before the delivery of the possession of the property sold, whether or not represented by certificates hereinafter issued, and also any indebtedness or liabilities contracted or incurred by said defendant railroad company in the operation of its railroad prior to the appointment of the receivers  *  *  *."

In pursuance of such sale the property was conveyed to the Erie railroad on November 14, 1895, and, necessarily, came to it burdened with the obligation imposed by the decree, to pay any judgment finally rendered in the action in favor of plaintiff. The Supreme Court would undoubtedly have substituted it in the place of the receivers had it made a motion to that end, and it may well be that had the receivers moved for a substitution of the Erie railroad it would have been granted; but the Erie railroad did not demand a substitution, to the end that it might the better protect its rights, nor did the receivers seek to relieve themselves of the burden of making a contest which, if successful, would result in a benefit to the Erie railroad, and, if unsuccessful, in an addition to its financial responsibilities.

One question, therefore, is, was plaintiff bound to bring about a substitution before he could proceed to judgment?

The answer to that question is furnished by section 756 of the Code of Procedure, which provides that " In case of a trans-

fer of interest, *or devolution of liability,* the action may be
continued by or against the original party; unless the court
directs the person, to whom the interest is transferred, *or upon
whom the liability is devolved,* to be substituted in the action,
or joined with the original party, as the case requires." In
this case the taking title to the railroad property by the Erie
railroad under the decree of foreclosure operated as "a devolu-
tion of liability" upon the railroad for all valid claims against
the receivers, whether growing out of contract obligations or
negligence in the operation of the railroad. Hence it was
proper, under that section, for plaintiff to proceed to judg-
ment against the receivers, in view of the fact that the court
did not cause the Erie railroad to be substituted in the action.
This judgment, while in form one against the receivers, estab-
lishes such a liability as the Erie railroad has agreed to pay,
and its agreement may be enforced by the federal court, if
need be, for that court not only provided in its decree that the
purchaser of the property should take title subject to all the
obligations or liabilities of the receivers, but by the same
decree reserved the right to enforce the payment of all such
obligations in the event of the purchasers refusing to make
payment after demand.

The cases cited as tending to establish a different practice
are *Herring* v. *N. Y., L. E. & W. R. R. Co.* (105 N. Y.
340) and *N. Y. & W. U. Tel. Co.* v. *Jewett* (115 N. Y. 166).
In *Herring's* case the action was commenced after the dis-
charge of the receiver, while in *Jewett's* case it does not
appear that the court had by the decree reserved the right to
enforce the payment of the obligations of the receiver against
the purchasers of the property. In *Thompson* v. *Northern
Pac. Ry. Co.* (93 Fed. Rep. 384) the action was commenced
after the receiver was discharged, and it is held that under a
decree like the one in the case at bar a purchaser is a proper
party defendant to an action on such a claim, being entitled
to defend, and that in an action commenced after the prop-
erty has been conveyed to it, and the receivers have been dis-
charged, it might properly be made sole defendant. In that
case defendant, the purchaser of the road at foreclosure sale,

objected to being made defendant, although the action was commenced after the receivers had been discharged. The trial court was of the opinion that its objection was well made and dismissed the complaint, but on the review it was held that, under the peculiar circumstances of that case, the receivers having passed out of existence, officially, before the action was begun, it was proper to commence it against the party upon which liability had devolved by reason of the terms of the decree of foreclosure and its purchase thereunder.

But it is unnecessary to examine, for the purpose of distinguishing, cases in the Federal courts, for this cause of action did not abate upon the discharge of the receivers, but continued ; and the practice to be followed by the courts of this state, having jurisdiction of the original parties and of the cause of action, is provided by the legislation of this state, which, as we have seen, is to the effect that the action may continue against the receivers unless the court directs the person upon whom the liability has devolved to be substituted. The court did not so direct, as it probably would have done had the Erie railroad asked it, and so the plaintiff had the authority of our statute to proceed to judgment against the receivers.

The defendants make the further point that, assuming that the practice followed in this case would have been proper had the decree of foreclosure been made by the Supreme Court of this state, it furnishes no precedent for the conduct of that court in this case inasmuch as the decree was made by a federal court, and in such case our courts should refuse to lend aid to establish a claim against the fund after the discharge of the receivers, although the action brought for that purpose was pending at the time of such discharge. As we understand the claim of the learned counsel for defendants, our court should have said to plaintiff, True, the statutes of the United States in terms authorized you to commence the action in this court without the consent of the federal court, but notwithstanding that authorization your action must fail because the federal court has seen fit since its commencement to discharge the receivers, and has provided a method for establishing claims against the fund that was in the hands of the receivers.

This contention is mainly founded upon a clause in the provision of the statute already referred to authorizing the commencement of a suit without leave of the federal court, which reads, " but such suit shall be subject to the general equity jurisdiction of the court in which such receiver was appointed." It would be unfortunate, indeed, if two jurisdictions, both within the same territory, should work so inharmoniously, burdening the citizen with two litigations where one should suffice, and producing that multiplicity of actions which is abhorrent to the law, a result which the judges of each jurisdiction charged with the responsibility of administering the law so that its burdens shall rest as lightly as possible upon litigants will find a way to avoid unless prevented by the commands of a statute.

We find no decision construing the provisions of the statute last quoted in the light of a situation such as this, and are, therefore, unrestrained by authority from giving to it such a construction as in our judgment it requires. Clearly, the statute indicates that it was a part of the congressional scheme that the appointment of receivers of great corporations — in the case of railroads, covering hundreds and sometimes thousands of miles, with property extending through many different counties and states — should not operate to prevent parties having claims against such corporations, or against the receivers thereof, from proceeding in the courts of the neighborhood precisely as they could have done when the corporation was managing the property. And to save the citizen unnecessary expense, and the more surely to protect him in his rights, it provided, in effect, that the right to bring the action should not depend upon the will of the court appointing the receivers, and so could be brought without the consent of such court. But while Congress intended to permit the establishment of claims against the fund in the hands of the receivers to take place through the ordinary local judicial machinery, it could not, of course, tolerate an attempt on the part of such courts to take possession of so much of the fund or property in the hands of the receivers as would be necessary to the sat-

isfaction of the claims.   Only one court could be permitted to operate the property, marshal the assets, decree a sale and provide for the distribution of the assets among those entitled thereto, and hence it was deemed necessary to establish the boundary line beyond which state courts could not go.   Such a construction is in harmony with the decree made by the federal court in this case.   True, it provided for a method by which claims against the fund could be ascertained, but it did not provide that such method was exclusive, nor do we think it could have so provided in view of the language of the statute authorizing the commencement of suits without its consent, for if it could take to itself exclusive jurisdiction to establish claims against the fund by decree made at the close of the litigation, it could also do it at the outset of the litigation, and in such case the authority conferred by statute upon other courts to take jurisdiction of actions brought against the receivers would be without effect, and, of course, the statute cannot thus be brushed aside.

The decree of the federal court in this case was made on broader lines — lines more convenient for the litigant and in harmony with the statute.   It assured the creditor that his claim, whether established or not at the time of the sale of the property, should be paid and it did not attempt to take from him the right, plainly given him by the statute, to select the court most convenient to him, and it reserved to the federal court, in the interest of all the creditors, the right to proceed at the foot of the decree to make such further order as might be necessary to carve out of the property or take from the fund such sum as should be necessary to satisfy all claims established through the proper legal machinery provided either by the state or the federal government in the event that the purchaser of the property, the Erie Railroad Company, should fail to pay such claims.

Exception was also taken to the admission in evidence of a tax deed upon which plaintiff relies to establish his title. The objection made was that the deed, executed by the county treasurer of Sullivan county in his official capacity,

was not admissible or competent to prove title without proof of such proceedings as authorized him to make the sale and make the conveyance; and defendants invoke the rule of law that where a deed is made by a public officer or by any person under a naked power uncoupled with an interest it is not admissible in evidence without proof of the facts which show the power and the right to exercise it, citing in support thereof *Sinclair* v. *Jackson* (8 Cow. 543); *Beekman* v. *Bigham* (5 N. Y. 366) and *Thompson* v. *Burhans* (61 N. Y. 52). They concede that by chapter 194 of the Laws of 1878 it was provided that every conveyance made by the county treasurer under such act should be presumptive evidence that the sale was regular and that all the previous proceedings were regular according to the provisions of this act, and also that by chapter 594 of the Laws of 1886, amending said section 8, it was further provided that such a deed should be conclusive evidence that the sale and all proceedings subsequent and prior thereto, including the assessment of the land, were regular and valid, but urge that both of those acts were repealed by chapter 218 of the Laws of 1888, and, hence, it was necessary for the plaintiff to establish the facts authorizing the execution of the deed so as to bring the case within the rule of the authorities cited.

This argument overlooks section 132 of the Tax Law (Ch. 908, Laws 1896) which provides that "Every such conveyance heretofore executed by the comptroller, county treasurer or county judge and all conveyances of the same lands by his grantee or grantees therein named, which have for two years been recorded in the office of the clerk of the county in which the lands conveyed thereby are located . * * * shall be conclusive evidence that the sale and proceedings prior thereto, from and including the assessment of the lands, and all notices required by law to be given previous to the expiration of the time allowed for redemption, were regular and were regularly given, published and served according to the provisions of all laws directing and requiring the same or in any manner relating thereto.   *   *   * "

Before this court in *People* v. *Turner* (117 N. Y. 227) it was argued that a similar statute was unconstitutional, but it was held that the effect of the statute was to change the rule of evidence as it existed at common law, and also to vary the existing rules relating to the limitation of time for the commencement of legal proceedings which is within the power of the legislature, and, therefore, the act was valid.

This provision of the Tax Law, the validity of which is sustained by *People* v. *Turner*, fully justifies the ruling of the trial court in admitting the deed in evidence without proof of the regularity of the proceedings upon which it was based.

The judgment should be affirmed, with costs.

O'BRIEN, BARTLETT, VANN, CULLEN and WERNER, JJ., concur; MARTIN, J., absent.

Judgment affirmed.