## BAER v. ERIE R. CO.

(Supreme Court, Trial Term, Sullivan County.   May, 1905.)

1. RAILROADS—REORGANIZATION—RECEIVERS' LIABILITIES.

Where a transfer of railroad property in the hands of receivers was made pursuant to a statute prescribing a plan for the transfer of the railroad franchise and property by the receivers to a new corporation, through a reorganization committee, the real parties to the transaction being the receivers on the one hand and the new corporation on the other, a holder of a claim against the receivers, arising out of a tort committed by them in the operation of the road, was entitled to enforce a condition in the deed against the reorganized corporation, by which the latter assumed all liabilities incurred by the receivers, though there was no liability on the part of the reorganization committee to plaintiff at the time of the transfer.

2. SAME—JUDGMENT AGAINST RECEIVER—LIMITATIONS.

Where a suit for damages, based on negligence of the receivers of a railroad company in the operation thereof, was brought against them within the time prescribed by law, and on the discharge of the receivers the conduct of the suit was assumed by a reorganized corporation, which covenanted to save the receivers harmless from any liability incurred by them in the operation of the road, the reorganized corporation was not entitled to plead limitations as a defense to an action on the judgment subsequently recovered in such suit, as its liability is on its covenants to save the receivers harmless.

Action by Elias Baer, as executor, etc., against the Erie Railroad Company.   Judgment for plaintiff.

John F. Anderson, for plaintiff.
Bacon & Merritt, for defendant.

HASBROUCK, J.   The lands, timber, etc., of the plaintiff's testator, were damaged in August, 1893, by fire which had escaped from a locomotive operated by the receivers of the New York, Lake Erie & Western Railroad Company and fallen upon its right of way and spread to the plaintiff's lands.   John C. McCullough and John King were appointed

receivers in July, 1893. Subsequently, and on or about May 1, 1895, Eben B. Thomas succeeded John King as receiver of the said railroad company. On November 6, 1895, the plaintiff, Baer, commenced an action, claiming that the injury to his lands and property was occasioned by the negligence of said receivers in the operation of the railroad.

In the same judgment of the federal court which appointed such receivers, a foreclosure and sale was decreed of the property of such railroad corporation. On or about November 11, 1895, at the sale, Charles H. Coster, Louis Fitzgerald, and Anthony J. Thomas became the purchasers of such railroad property, and three days later, and on November 14, 1895, they in turn conveyed the said property to the Erie Railroad Company, which became the purchaser thereof under and in pursuance of the laws relating to sales and reorganizations of mortgaged franchises and properties. It was provided, among other things, in the decree of sale in such foreclosure, that the purchasers, as a part of the consideration, in addition to the sum bid, should receive the deed for the property upon the condition, among others, that they should pay any indebtedness or liability which shall have been contracted or incurred by the receivers before the delivery of the property sold. The deed to the committee formed under such reorganization plan and agreement, Messrs. Coster, Fitzgerald, and Thomas, provided that the sale by the special master should be subject to any liabilities which shall have been incurred by the receivers, and the deed from such committee to the new corporation contained covenants by the grantee that the true intent of the concluding covenant was "to require the new corporation always to take care of and pay any sum or sums of money which the said McCullough and Thomas, as receivers, ought to pay or to have paid out of the estate conveyed."

From these various instruments it is clear that the liability of these receivers for the damages occasioned by their negligence in the operation of said railroad became a charge against the estate in their hands prior to the bonded or other debt of the insolvent railroad. For the injury to the plaintiff hereinbefore described he brought an action on or about November 6, 1895, against said receivers, and on or about May 23, 1901, recovered a judgment for damages and costs, which judgment was affirmed on appeals, respectively, to the Appellate Division and the Court of Appeals. The action now at bar was brought upon such judgments to enforce the liability established in the prior suit.

The Erie Railroad Company makes two pleas to defeat a recovery herein: First, that the claim of the plaintiff is barred by the statute of limitations; second, that there was no general assumption of liability by the defendant company. In aid of this latter plea, the defendant claims that the covenants in the deed to the Erie Railroad Company, and made by it, were made in the absence of any liability of the reorganization committee, the promisee, to the claimant, the plaintiff, and that therefore he cannot enforce such covenant. This objection does not appeal to me as being sound. The sale and transfer of the property in the hands of the receivers was had in pursuance of a statute prescribing a plan and agreement involving the taking over of the railroad franchises and property from the receivers to a new corporation. The

real parties to the transaction, then, were the court's officers, the receivers, on the one hand, and the new corporation, on the other; and a condition of such transfer and sale imposed by the decree of the court, followed by the reorganization committee and accepted by the real purchaser, was the assumption of the liabilities incurred by the receivers while operating this railroad property. Coster, Fitzgerald, and Thomas, under the law, were merely a committee to purchase—merely the agency by which the purchase was affected.

If this is the proper view of the transaction, then the authorities cited by the defendant on the effect of the covenant made by the Erie Railroad Company in its deed, among which is Townsend v. Rackham, 143 N. Y. 516, 38 N. E. 731, are not pertinent. This question as to whether liability devolved upon the purchaser, it seems to me, has been thoroughly determined in the opinion of Chief Justice Parker of the Court of Appeals, in Baer v. McCullough, 176 N. Y. 101, 68 N. E. 129, where he says:

"In this case the taking title to the railroad property by the Erie Railroad under the decree of foreclosure operated as 'a devolution of liability' upon the railroad for all valid claims against the receivers, whether growing out of contract or negligence in the operation of the railroad. Hence it was proper, under that section, for plaintiff to proceed to judgment against the receivers. * * * This judgment, while in form one against the receivers, establishes such a liability as the railroad has agreed to pay, and its agreement may be enforced by the federal court, if need be. * * *"

Neither does the defendant substantiate its plea of the statute of limitations. It cannot be claimed that the suit based on the negligence of the receivers and brought against them was not instituted within the time prescribed by law. The liability sought to be enforced was established by a judgment in a suit, the conduct of which, according to the statement of the receivers in a petition for their discharge, was assumed by the defendant, so that we have a case presented where the defendant assumed the conduct of the suit, where the Code, according to the opinion above quoted from by Judge Parker, devolved the liability of the receivers, if any were found to exist, upon the railroad company, and where the liability was assumed by a covenant in a deed under seal. Its liability here is on its covenants to save the said receivers harmless from any liability incurred by them in the operation of such railroad. Among such liabilities clearly is the judgment to enforce which this action is brought. These covenants in express terms provide for saving such receivers harmless as well against costs and expenses as against a liability for which the judgment described in the complaint herein was had. While the decree of foreclosure of the federal court provides that a liability ascertained after the discharge of the receivers may be enforced in it, the covenant by which such liabilities are assumed in said deed does not restrict the claimant to any particular forum, and therefore it is not for us to say that that of the Supreme Court of this state is not open to this plaintiff.

The plaintiff is entitled to judgment for the relief demanded in the complaint, with costs.