## SMITH v. MISSOURI PAC. R. CO.

(Circuit Court of Appeals, Eighth Circuit. June 28, 1920.)

### No. 5504.

1. Courts ⟛508(2)—State court proceedings against purchaser from receiver can be enjoined under reserved powers.

Where the final decree in a proceeding in federal court made the purchaser liable for claims against the receiver for damages while operating railroad, but retained sole jurisdiction to determine such claims, an action against the purchaser in the state court for liability assumed under the decree can be enjoined by the federal court, notwithstanding Judicial Code, § 265 (Comp. St. § 1242), prohibiting the federal courts from restraining proceedings in the state court.

2. Courts ⟛493(2)—Claim for damages against purchaser from receiver held to be enforced in court decreeing sale.

One who sought to hold the purchaser from a receiver liable for damages caused by the receiver under the final decree cannot accept the benefits of that decree and avoid its burdens, and therefore must enforce his claim in the federal court, which retained sole jurisdiction to determine liability under the decree.

Appeal from the District Court of the United States for the Eastern District of Missouri; William C. Hook and David P. Dyer, Judges.

Suit by the Missouri Pacific Railroad Company against Belle Smith to enjoin the prosecution of a civil action in the state court. From a decree granting the temporary injunction prayed for, defendant appeals. Affirmed.

Alfred N. Gossett and Terrence J. Madden, both of Kansas City, Mo., for appellant.

Edward J. White, of St. Louis, Mo. (Thomas Hackney and Leslie A. Welch, both of Kansas City, Mo., on the brief), for appellee.

Before CARLAND, Circuit Judge, and TRIEBER, District Judge.

TRIEBER, District Judge. This is an appeal from a temporary injunction enjoining, until the further order of the court, the appellant, Belle Smith, defendant in the court below, from prosecuting her action in the circuit court of Jackson county, Mo., against the appellee, the Missouri Pacific Railroad Company, plaintiff in the court below. The temporary injunction was granted on a supplemental petition of the Missouri Pacific Railroad Company, in a cause pending in the District Court of the United States for the Eastern District of Missouri, in which the Guaranty Trust Company of New York and Benjamin F. Edwards, as trustees, are plaintiffs, and the Missouri Pacific Railway Company defendant. The facts, as they appear from the record, are:

That in an action of the Guaranty Trust Company and Benjamin F. Edwards, as trustees, pending in the District Court of the United States for the Eastern District of Missouri, against the Missouri Pacific Railway Company, B. F. Bush was, on August 19, 1915, appointed by that court receiver of the railway company and all its

⟛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

effects. Having qualified as such receiver, he took legal possession of said property at the time. While he was operating the railway as such receiver, the defendant, Belle Smith, while a passenger on one of the trains operated by the receiver, claims to have been injured by reason of the negligence of the receiver. A final decree of foreclosure and sale of the railway property in the action in which the receiver was appointed was entered by the court on December 21, 1916. On February 23, 1917, the railway and all its effects were sold under that decree of foreclosure and purchased by the plaintiff, the Missouri Pacific Railroad Company. The sale was confirmed and approved by the court on March 6, 1917. Deeds were duly executed and possession of all the railway property surrendered to the purchaser by the receiver on June 1, 1917.

On August 3, 1917, the appellant, Belle Smith, to recover damages for the injuries sustained by her while a passenger on one of the trains operated by the receiver, instituted her action in the circuit court of Jackson county, Mo., against the appellee railroad company, claiming that by reason of the final decree, and purchase under it, of the property of the Missouri Pacific Railway Company, the appellee, the Missouri Pacific Railroad Company, became liable to her for the damages sustained by her while a passenger on the road while operated by the receiver, alleging in her complaint that the said receiver resided in the city of St. Louis, and had no agent in the county of Jackson, state of Missouri, or elsewhere outside of the city of St. Louis, Mo., on whom process could be served.

The final decree of foreclosure, under which the appellee claims, was introduced in evidence, and the parts which are material to the issues herein are as follows:

Article XXVII: "The purchaser of the property described in article VII of this decree, as part of the consideration for the property and as part of the purchase price thereof, and in addition to the sums bid by him and elsewhere in this decree required to be paid by him, shall take such property and receive the deeds or other instruments of conveyance and transfer thereof, upon the express condition that he or his successors or assigns shall pay, satisfy and discharge: * * * And also any unpaid indebtedness and liabilities of the receiver incurred in this cause or in said constituent causes, in the management or operation of the property purchased, and otherwise in the discharge of his duties as such receiver between August 19, 1915, the date of his appointment, and the date of the delivery by the receiver of possession of the property sold. * *. * The parties to receive and pay, and the amounts to be paid and received, under this article, unless agreed upon by the parties in interest, shall be fixed and adjudged by this court, and this court reserves the right and retains the power and jurisdiction so to do, and the right, power, and jurisdiction to take back and resell any property that shall be sold under this decree, in case the purchaser or purchasers, or his or their successors, shall fail to pay any of the claims mentioned in this article, within 20 days after service of an order of this court requiring such payment, or, if an appeal be taken from any such order, within 20 days after service of written notice of final confirmation of such order upon appeal.

"In the event that any purchaser, after demand made, shall refuse to pay any of the above-mentioned indebtedness or liabilities which under the foregoing provisions of this article he is or may be required to pay, the person holding the claim therefor, upon 20 days' notice to such purchaser, may file a petition in this court to have such claim enforced against the property sold to such purchaser, in accordance with the usual practice of this court in rela-

tion to payments of a similar character; and such purchaser shall have the right to appear and make defense to any claim, debt, or demand or the priority thereof so sought to be enforced."

Article XXIX: "*Matters Reserved.*—All questions relating to the amounts of compensation, charges, allowances, costs, disbursements and expenses referred to in this decree are hereby reserved by this court for further hearing and determination, and all payments to be made therefor, unless agreed upon by the parties in interest, shall be hereafter determined, fixed, allowed, and settled by this court.

"All questions, issues, matters, and things not hereby disposed of, including the discharge of the receiver herein and the statement and settlement of his accounts, hereby are reserved by this court for its future adjudication. Any party to this cause, and any party to the constituent causes wherein Commonweath Steel Company and Guaranty Trust Company of New York and Benjamin F. Edwards, as trustees, are complainants, respectively, may at any time apply to this court for further relief at the foot of this decree in respect of the matters not herein specifically provided for."

[1] On the part of the appellant it is claimed that the court below was without jurisdiction to grant an injunction to stay proceedings in a state court, relying upon section 265, Judicial Code (Comp. St. § 1242). That is the real question in issue.

This section does not apply to an action of this nature. But for the fact that the court, in the decree rendered in the foreclosure proceeding, placed upon the purchaser the obligation to pay any unpaid indebtedness or liabilities of the receiver incurred in the management or operation of the property purchased, there would clearly be no liability on the part of the appellee for any indebtedness or liabilities of the receiver. Whether such an action as was instituted by the appellant in the circuit court of Jackson county, Mo., could be maintained, if that were the only provision in the foreclosure decree, it is unnecessary to determine in this cause. What we are concerned with is whether the provisions in the decree that all claims under article VII of the decree, "unless agreed upon by the parties in interest, shall be fixed and adjudged by this court, and this court reserves the right and retains the power and jurisdiction so to do," and the further provision that the court "retains the right, power, and jurisdiction to take back and resell any property that shall be sold under this decree, in case the purchaser or purchasers, or his or their successors, shall fail to pay any of the claims mentioned in this article," etc., do not reserve to that court the exclusive jurisdiction to determine all claims against the receiver, incurred while he was operating the railway.

In Julian v. Central Trust Co., 193 U. S. 93, 111, 24 Sup. Ct. 399, 407 (48 L. Ed. 629), the court said:

"It is obvious that by this decree of sale and confirmation it was the intention and purpose of the federal court to retain jurisdiction over the cause so far as was necessary to determine all liens and demands to be paid by the purchaser. It accepted the purchaser and thereby made it a party to the suit. Blossom v. Milwaukee & C. R. Co., 1 Wall. 655, 17 L. Ed. 673. The court reserved the right to retake the property, if necessary to enforce any lien that might be adjudged against the same. On the other hand, the purchaser agreed to pay only such demands as the Circuit Court might declare and adjudge to be legally due, with the right of appeal from such judgment. These provisions make apparent the purpose of the court to retain jurisdiction for the purpose of itself settling and determining all liens and demands which the

purchaser should pay as a condition of security in the title which the court had decreed to be conveyed. If the sheriff is allowed to sell the very property conveyed by the federal decree, such action has the effect to annul and set it aside, because in the view of the state court it was ineffectual to pass the title to the purchaser. In such case we are of opinion that a supplemental bill may be filed in the original suit with a view to protecting the prior jurisdiction of the federal court and to render effectual its decree. Central Trust Co. v. St. Louis, A. & T. Co., 59 Fed. 385; Fidelity Ins. Trust & S. D. v. Norfolk & W. R. Co., 88 Fed. 815; State Trust Co. v. Kansas City, P. & G. R. Co., 110 Fed. 10. In such cases, where the federal court acts in aid of its own jurisdiction and to render its decree effectual, it may, notwithstanding section 720, Rev. Stat. (U. S. Comp. Stat. 1901, p. 581), restrain all proceedings in a state court which would have the effect of defeating or impairing its jurisdiction."

And this has been consistently adhered to by that court, as well as all inferior courts of the United States. In Lang v. Choctaw, Oklahoma & Gulf R. Co., 160 Fed. 355, 360, 87 C. C. A. 307, this court had the identical question before it, and it was there held:

"The jurisdiction of a court over a subject-matter or a cause once lawfully acquired includes the power to enforce its judgment or decree, and to protect the title of those holding under it from every attempt to avoid or annul it [citing authorities]. A bill in equity dependent upon a former suit in the same court may be maintained by the purchaser under the decree or by any other party interested therein (1) to aid, enjoin, or regulate the original suit; (2) to restrain, avoid, explain, or enforce the judgment or decree therein; or (3) to enforce, to enjoin the enforcement of, or to obtain an adjudication of liens upon or claims to property involved in the original suit. Brun v. Mann, 151 Fed. 145, 80 C. C. A. 513. And where a federal courts acts in aid of its own jurisdiction to render its decree or the title under it effectual it may, notwithstanding section 720, Rev. St. (U. S. Comp. St. 1901, p. 581), restrain all proceedings in a state court which would have the effect of defeating or impairing its jurisdiction. Sharon v. Terry, 36 Fed. 337, 1 L. R. A. 572; French v. Hay, 22 Wall. 250; Dietch v. Huidekoper, 103 U. S. 494, 26 L. Ed. 354; Julian v. Central Trust Company, 193 U. S. 112, 24 Sup. Ct. 399, 48 L. Ed. 629."

In Wabash Railroad v. Adelbert College, 208 U. S. 38, 55, 28 Sup. Ct. 182, 188 (52 L. Ed. 379), the court said:

"The effect of reservations in a decree of foreclosure, which to say the least were no broader than those in this decree, was before the court in Julian v. Central Trust Co., 193 U. S. 93, 48 L. Ed. 629, 24 Sup. Ct. Rep. 399. The reservations in that case are stated on page 110, and of them the court said (page 111): 'It is obvious that by this decree of sale and confirmation it was the intention and purpose of the federal court to retain jurisdiction over the cause so far as was necessary to determine all liens and demands to be paid by the purchaser.' And again (page 112): 'The federal court by its decree, reserved the right to determine what liens or claims should be charged upon the title conveyed by the court.' And again (page 113): 'The Circuit Court by the order made retained jurisdiction of the case to settle all claims against the property and to determine what burdens should be borne by the purchaser as a condition of holding the title conveyed.' Here was a clear determination by this court that the exclusive jurisdiction of claims against a res, which had arisen out of the possession of the res in judicial proceedings for foreclosure of mortgages, might be continued after sale and conveyance of the property for the purpose of deciding what claims were legally chargeable against it. This is precisely what the Circuit Court attempted to do with respect to the property now before us, and its right to do it is clearly supported by the decision in the Julian Case. Under the reservations in that case the Circuit

Court was held to have power to protect the property sold by its order from sale on an execution issued by a state court."

Other authorities to the same effect decided by this court are Mound City Co. v. Castleman, 187 Fed. 921, 924, 110 C. C. A. 55; Western Union Tel. Co. v. United States & Mexican Trust Co., 221 Fed. 545, 553, 137 C. C. A. 113; Ferguson v. Omaha & S. W. R. Co., 227 Fed. 513, 519; 142 C. C. A. 145; Swift v. Black Panther Oil & Gas Co., 244 Fed. 20, 23, 156 C. C. A. 448; South Dakota Cent. Ry. Co. v. Continental & Commercial Trust Co., 255 Fed. 941, 943, 167 C. C. A. 233, certiorari denied 250 U. S. 643, 39 Sup. Ct. 493, 63 L. Ed. 1186.

[2] As the appellant claims to have a right of action against the appellee by virtue of the foreclosure decree solely, she cannot accept the benefits of that decree, without submitting to the conditions, upon which this privilege is granted, the right of the court, which rendered the decree, to determine the liability of the receiver, to the exclusion of every other tribunal.

The principal case relied on for the appellant, Chicago Great Western Railway v. Hulbert, 205 Fed. 248, 250, 125 C. C. A. 98, is clearly distinguishable from the instant case. In that case the court did not in its foreclosure decree reserve to itself the sole right to adjudicate any claims which accrued while the railway was in the possession of the receiver, but imposed on the purchaser the liabilities "which are established." It left the right to choose the tribunal for the establishment of the claim to the claimant, while in the instant case the court which rendered the decree reserved the right to itself exclusively. The court had jurisdiction of the cause, and upon the facts the temporary injunction was properly granted.

The decree is affirmed.